[No. 436. Decided April 18, 1892.]

ELIZABETH F. DUNN, *Appellant,* v. NEIL S. PETERSON AND JARVIS-CONKLIN MORTGAGE TRUST COMPANY (a corporation), *Respondents.*

EJECTMENT—ACTION BY DEVISEE PENDING ADMINISTRATION.

A devisee of lands under a foreign will which has been admitted to probate in the county where the lands are situated cannot maintain ejectment therefor, as in the absence of a showing to the contrary, the necessary presumption is that the administration of the estate under the will followed its admission to probate; and under § 956, Code of Procedure, the personal representative of the estate is the only person entitled to possession pending administration.

*Appeal from Superior Court, King County.*

The facts in this case are stated in the opinion.

*Fishback, Hardin & Meek,* for appellant.
*Arthur, Lindsay & King,* for respondents.

The opinion of the court was delivered by

Hoyt, J.—This is substantially an action of ejectment. From the complaint it appears that plaintiff is the sole devisee of the owner of an undivided one-half of the land therein described; and that the will under which she claims had been recently admitted to probate, as a foreign will, in the county in which such land is situated. In the paragraph relating to the probating of such will there is no allegation that letters testamentary or of administration with will annexed were not issued, nor is such fact anywhere alleged in said complaint. Under these circumstances could the plaintiff maintain the action? The will is fully set out in the complaint and is in the ordinary form and contains no provision exempting the estate from the ordinary and full control of the probate court. This being so it must be presumed, in the absence of an allegation to the contrary, that the usual results followed the probating of such will.

Sec. 884, Code of Procedure, is as follows:

"After the probate of any will, letters testamentary shall be granted to the persons therein appointed executors. If a part of the persons thus appointed refuse to act or be disqualified, the letters shall be granted to the other persons appointed therein. If all such persons refuse to act, letters of administraiion with the will annexed shall be granted to the person to whom administration would have been granted if there had been no will."

From which it seems plain that upon the admission to probate of a will, in the usual form, the issuing of letters testamentary or of administration with will annexed would follow. A reasonable construction of the language of such section necessarily leads to this result. Beside, there are

numerous other provisions of the statute in relation to the probating of wills which led to the same conclusion. These provisions, it is true, apply in terms to domestic wills only. But § 883, Code of Procedure, makes all such provisions applicable to a foreign will when admitted to probate here. The facts stated in the complaint raise at least a *prima facie* presumption that the appointment of an administrator with will annexed followed the admission of said will to probate, and in the absence of an allegation to the contrary such presumption becomes conclusive for the purposes of this case. A necessary conclusion from what has been said is, that administration of the estate under the will was set on foot at the time said will was admitted to probate. The administration thus shown to have been instituted will be presumed to have been in progress at the date of the institution of the action. For while it is possible that this presumption would be overcome by a long lapse of time, yet in this case the action was brought so soon after the administration was instituted, that such presumption remained in full force. Administration of the estate being thus in force, could the heir or devisee maintain this action? It is conceded that this action can only be maintained by one having an interest in the land and the right to possession.

Sec. 956, Code of Procedure, is as follows:

"Every executor or administrator shall, after having qualified by giving bond, as hereinbefore provided, have a right to the immediate possession of all the real as well as personal estate of the deceased, and may receive the rents and profits of the real estate until the estate shall be settled or delivered over by order of the court, to the heirs or devisees, and shall keep in tenantable repair all houses, buildings and fixtures thereon, which are under his control."

And if construed as it reads would seem to clearly establish the right of the administrator to the possession of the real estate, until the estate shall have been settled or de-

livered over by order of the court. And if the administrator is entitled to such possession, then the heir or devisee cannot be entitled to the same, at least as against such administrator. But it is argued, that though the heir or devisee is not so entitled as against the administrator, he is so entitled as against a stranger. But with this contention we cannot agree. The administrator is not only entitled to the possession, but to the rents and profits as well, and it is made his duty to keep the property in repair. This being so, it must follow that he can maintain an action for waste. And as the heir or devisee, if allowed to prosecute this action, could also recover for use and occupation and for waste, it would follow that such stranger might be called upon to respond for the same liability to two or more different plaintiffs. Under the provisions of said section it seems clear that the administrator is the only one who could maintain this action. If such construction was not warranted by said section standing alone, it is made certain by other provisions of our statute. See §§ 1041 to 1044, Code of Procedure.

In California the law upon this subject is substantially the same as ours, and in construing the same the courts there have uniformly held that pending administration the personal representatives alone could maintain ejectment. See *Meeks v. Hahn,* 20 Cal. 620; *Chapman v. Hollister,* 42 Cal. 463; *Meeks v. Kirby,* 47 Cal. 168. In each of these cases this question was directly decided as above stated. In two of them, special circumstances appeared which made the application of the rule a hardship, yet the court felt bound thereby. In one there was a vacancy in the office of administrator, and in the other the estate had been delivered over after the commencement of the suit, and the court held that, notwithstanding these facts, the heir or devisee could not maintain the action.

The complaint did not state facts sufficient to constitute

a cause of action, and the ruling of the lower court in sustaining a demurrer thereto was proper, and the judgment rendered thereon must be affirmed.

STILES and SCOTT, JJ., concur.

DUNBAR, J., concurs in the result.

ANDERS, C. J., not sitting.