[No. 1070. Decided December 13, 1893.]

EMMA V. ACKERSON et al., Appellants, v. GEORGE F. OR-
CHARD AND SARAH M. ORCHARD, Respondents.

ADMINISTRATOR'S SALE OF REAL ESTATE — IRREGULARITIES —
VALIDATION.

The failure of an administrator to include certain lands in his in-
ventory of the estate will not deprive him of authority to adminis-
ter thereon, when a supplemental statement has been filed by him
describing said lands and showing their value, although such state-
ment is not filed as an additional inventory.

Although a petition of an administrator for an order for the sale
of real estate is defective and irregular, for the reason that it fails
to describe all the decedent's real estate, and fails to state the
amount of personal estate coming into the administrator's hands,
and his disposition thereof, and does not set forth the value of the
lands other than by a reference to their appraised value, such ir-
regularities will not affect the jurisdiction of the court to order the
sale.

Lands of a decedent may be sold to pay expenses of administra-
tion and an allowance for the support of the family, although the
petition for sale may state that the decedent left no debts.

Under Laws 1889–90, p. 82, § 2, validating sales of real estate by
administrators, such sales will not be disturbed, although irregularly
made, where the court had jurisdiction to order the sale, and the
lands were sold at public auction after due notice by the administra-
tor of time and place, the sale confirmed by the court, and the lands
are now held by purchasers in good faith.

*Appeal from Superior Court, Pierce County.*

*Thomas A. Garrett*, for appellants.

*Stevens, Seymour & Sharpstein*, for respondents.

The opinion of the court was delivered by

SCOTT, J.— This is an action of ejectment brought by
appellants to recover certain lands situate in the county of
Pierce.   William E. Ackerson died intestate in July, 1884,
seized of the lands in controversy, and appellants claim title

thereto as his heirs.   The respondents, through mesne con-
veyances, claim the land by virtue of an administrator's sale
made March 8, 1887.   Appellants claim that the probate
court never acquired jurisdiction to order a sale of said
lands for the following reasons, and that the purported sale
is void.

The record shows that one E. B. Mastick was appointed
administrator April 2, 1885; and that he filed an inventory
of the estate July 18th, of said year, which inventory made
no mention of the lands in controversy.   Subsequently, on
the 7th of December, 1885, said administrator filed a sup-
plemental statement describing said lands.   Objection is
made to this statement on the ground that it was not made
as an additional inventory under § 1453 of the Code of
1881, in that it was not sworn to and did not show that
said lands had been appraised, or state their value.   It ap-
pears from said statement, however, that it was filed for
the purpose of correcting a description of lands made in
the original inventory, which land had been appraised, and
it is stated that the lands described in said subsequent state-
ment were of the same value as said lands previously ap-
praised.

On September 28, 1886, said administrator petitioned
the probate court for an order to sell the real estate in
question, and an order was made of said date to show cause
why the prayer of said petition should not be granted, and
the court directed that said order be published at least once
a week for four consecutive weeks in the Tacoma *Weekly
News*, and that cause be shown on November 1st follow-
ing.   On November 1st the probate court adjourned the
hearing of said petition to the 29th of said month, for the
reason that proof of publication of the order to show cause
had not been made, and on said November 29th the probate
court heard said petition, and made an order of that date
directing the administrator to sell the lands aforesaid.

Objection is made to the regularity of these proceedings. It is contended that the same are void because notice had not been published as required by law. It appears from the proof filed that the first publication was had on October 8th and the last on October 29th, and consequently that four full weeks had not elapsed between the first publication of the order and the time first appointed for hearing the petition. But the full time had more than elapsed before the adjourned day upon which the petition was heard and determined.

It is further objected that said petition was insufficient because it failed to describe all the real estate of which the intestate died seized, and because it failed to state the amount of the personal estate which had come into the administrator's hands, and how much, if any, remained undisposed of. And that it appeared from the petition that the deceased left no debts; and that it did not appear therefrom that a sale of the real estate was necessary in the course of administration. It appeared from said petition, however, that a family allowance of five hundred dollars had been made, and the costs of administration amounted at that time to three hundred dollars. It is contended that this was not a sufficient showing to vest the court with jurisdiction to order a sale of said lands; and further, that the petition did not set forth the value of the lands that were sold, other than it contained a reference to their appraised value.

One Thomas L. Nixon was the purchaser of said lands at the administrator's sale, and the respondents subsequently purchased the same of him. The proceedings of the probate court in the premises appear to have been otherwise regular, and the lands were duly advertised and sold, and sale thereof subsequently regularly confirmed. While the petition was irregular and defective, in not stating some of the things that the statute requires it to state,

we are of the opinion that it was sufficient to give the court jurisdiction to order a sale. The questions raised here should have been presented in that proceeding, and are insufficient now to affect the title in the hands of *bona fide* purchasers.

By § 2 of the act of the legislature of March 28, 1890 (Laws 1890, p. 82), it is provided that a sale of this character shall not be avoided if it appear —

"*First*, That the executor, administrator or guardian was ordered to make the sale, by the probate or superior court having jurisdiction of the estate; *second*, that he gave a bond which was approved by the probate or superior judge, in case a bond was required upon granting the order; *third*, that he gave notice of the time and place of sale, as in the order and by law prescribed; and, *fourth*, that the premises were sold accordingly, by public auction, and the sale confirmed by the court, and that they are held by one who purchased them in good faith."

And it is not disputed but that all these things were done. And the respondents purchased the lands in good faith. Whatever force and effect the objections urged here would have been entitled to if seasonably made, we are of the opinion that they are not now available to disturb the title to these lands in the hands of the respondents. We are of the opinion that the probate court acquired jurisdiction of the lands, and that the matters complained of were irregularities only which did not affect the jurisdiction of the court to order the sale, and it was within the power of the court to order a sale of the lands to pay the expenses of administration and the allowance made to the family.

It is contended that the court erred in admitting certain receipts in evidence purporting to be signed by Emma V. Ackerson in her individual capacity, and as guardian of the minor Charles W. Ackerson, showing a receipt of the moneys arising from the administration of said estate and

of the distribution upon the final settlement, but it is un-
necessary for us to pass upon the objections thereto, be-
cause said receipts were immaterial, and enough appears in
the proceedings to sustain the title of the respondents to
the lands in question independent of them.

Judgment affirmed.

HOYT, ANDERS and STILES, JJ., concur.

DUNBAR, C. J., not sitting.

### ON PETITION FOR RE-HEARING.

SCOTT, J.——An opinion was filed in this cause on Decem-
ber 13th last, affirming the judgment of the lower court.
A petition for re-hearing having been filed, we deem it
advisable to say something further in answer to the able
argument therein presented.

It is contended that the order of sale made by the pro-
bate court was void, and that the court had no jurisdiction
in the premises in consequence of the failure to give the
notice required by law of the hearing upon the petition to
sell the real estate in question; and as such order was void,
that the whole proceedings relating to the sale were void
for want of jurisdiction, and could not be validated by the
curative act passed March 28, 1890 (§ 3066, Gen. Stat.).

It becomes important, therefore, to inquire when and
how the probate court acquired jurisdiction of the estate.
Sec. 1444 of the 1881 Code provided that the adminis-
trator, upon his qualification, should have a right to the
immediate possession of the estate of the deceased, both
real and personal, and we are of the opinion that, upon
the appointment and qualification of the administrator, the
probate court acquired jurisdiction of the estate for the
purposes of administration. It follows that the court did
have jurisdiction of the estate, and its action could not be
void for want of jurisdiction.

It is true the law then provided, in relation to sales of

real estate, that a petition should first be presented to obtain an order therefor, and a citation issued thereon notifying parties interested to appear at the time set for the hearing. But could not the legislature have dispensed with this petition? It seems to us, unquestionably, the legislature had such power, as the court acquired jurisdiction of the estate by the appointment and qualification of the administrator; and the administration of an estate being a proceeding *in rem*, the legislature could have provided for a sale of the lands without any petition or notice whatever. If this is true, the legislature could thereafter pass the statute in question validating sales where no petition had been filed, when the particular things therein specified appear.

It is, therefore, immaterial, whether this petition in question and the citation to appear at the hearing thereon were void in consequence of the failure to give the prescribed notice, or for any reason. The respondents' title can safely rest on the subsequent proceedings, and the curative act aforesaid, under the conceded facts in the case; therefore, the petition for a re-hearing is denied.

DUNBAR, C. J., and HOYT, STILES and ANDERS, JJ., concur.