[No. 1050.   Decided January 17, 1894.]

CAROLINE HAZELTON et al., *Appellants*, v. W. H. BO-
GARDUS AND EMMA BOGARDUS, *Respondents*.

EXECUTORS AND ADMINISTRATORS—ACTION BY HEIR PRIOR TO DIS-
TRIBUTION—FINAL SETTLEMENT—IRREGULAR SALE BY ADMINIS-
TRATOR—CURATIVE ACT.

An action to quiet title cannot be maintained by an heir until after the close of the administration upon his ancestor's estate.

The approval of an administrator's final account does not determine the administration upon an estate, but the court retains jurisdiction of the estate until there has been a final settlement, and a distribution of the property, or some other act equivalent thereto.

Where an administrator's petition for the sale of land and the order of sale made thereon give such an indefinite description of the land that it cannot be located, the sale made thereunder cannot be validated by the statute curing sales of real estate by administrators (Gen. Stat., §3066).

*Appeal from Superior Court, King County.*

*Hill & Gilliam,* for appellants.

*Preston, Albertson & Donworth,* for respondents.

The opinion of the court was delivered by

HOYT, J.—This was an action to quiet the title of the plaintiffs as against the defendants to a piece of land in King county. The court not only denied plaintiffs any relief, but, upon a cross complaint filed by the defendants, quieted their title as against the plaintiffs. The allegations of the answer and the undisputed proofs were to the effect that the administration of the estate of the deceased person as heirs of whom the plaintiffs claimed had not been terminated, and for that reason the action of the court in refusing plaintiffs any affirmative relief was correct, as it is now the settled law of this state that actions in relation to the real estate of an ancestor can only be maintained by the heir after the close of administration, unless some special circumstance appears which takes the case out of the general rule. See *Dunn v. Peterson,* 4 Wash. 170 (29 Pac. 998); *Balch v. Smith,* 4 Wash. 497 (30 Pac. 648), and cases therein cited.

Appellants seek to distinguish the case at bar from the cases above cited, as they were actions in ejectment, whereas this is one to quiet title. We are unable to see why the rule should obtain in one class of cases and not in the other. The heir cannot maintain the action of ejectment for the reason that the real estate is in the possession, actual or constructive, of the administrator, and he should not be allowed an action to quiet title for the reason that it is the duty of the administrator to take every step necessary to protect the interests of the estate. It further appears from the opinions in the cases above cited that no complete title, even of an equitable nature, descends to the

heir so as to be available to him during the progress of administration.

It is further suggested on the part of the appellants that since the administration had proceeded so far that the final account of the administrator had been approved, it should be held to have been terminated. Such effect cannot be given to the act of approving what purports to be a final account. The case of *Weyer v. Watt*, 48 Ohio St. 545 (28 N. E. 670), is directly in point, and the reasoning and conclusions therein satisfactory. They were to the effect that the approval of such final account does not determine the administration. To a like effect are the California cases. Until there has been a final settlement of the estate and a distribution of the property, or some other act equivalent thereto, the jurisdiction of the probate court over the estate has not been terminated.

The basis of defendants' prayer for affirmative relief was certain proceedings of the probate court culminating in a sale of the property to them. Appellants attack these proceedings on several grounds. It will only be necessary for us to discuss one of them, for the reason that in the case of *Ackerson v. Orchard*, decided by this court December 13, 1893, 7 Wash. 377 (34 Pac. 1106), proceedings for the sale of real estate fully as defective as these, excepting as to the question to be hereafter considered, were up_ held, and a sale made thereunder sustained.

The question not decided by that case grows out of the insufficiency of the description of the land in the petition for the sale thereof and in the order of sale made thereon. In such petition and order the land was described as being in section 24, township 29 north, of range 3 east, whereas the land advertised and sold by virtue of such order was in township 25 north. The proof offered on the trial showed that the land intended to be described in such petition and order was the same as that advertised and sold, and the

question presented for our decision is as to the effect of such explanation. If the description in the petition and order had been such as to indicate any certain piece of land, it is possible that they would have furnished authority for selling the land in question, though situated in another township, upon such showing, if it further appeared from the circumstances disclosed by the proofs that the parties interested could not have been misled by the mistake. But here the attempted description is in fact no description at all, for the reason that in connection with the statement that the land was in township 29 north, was the further statement that it was in King county, in which said township is not situated. It follows that the description can only be made to apply to any certain piece of land by rejecting a portion thereof as surplusage, and that there is nothing to indicate the portion to be thus rejected. The petition and order can have no greater force than they would have had if there had been no attempt to describe any particular piece of land.

Under our system for the administration of estates it is probable that the legislature could dispense with most of the forms prescribed for proceedings to sell real property, but until it has done so, it must be held that at least a petition and an order of sale which substantially describe the property are necessary to pass the title. The curative statute (Gen. Stat., § 3066), relied upon by respondents may be held to have made titles under probate sales good without any petition, but that fact will not aid these proceedings, as such curative act only validates titles where, among other things, an order for the sale of the property had been made by the court, and in legal effect no order had been made for the sale of this land.

The judgment must be reversed, and the cause remanded with instructions to dismiss the action.

Stiles, Anders and Scott, JJ., concur.

Dunbar, C. J., concurs in the result.