[No. 1877.   Decided December 3, 1896.]

F. X. PREFONTAINE, *Executor*, *Respondent*, v. MAURICE McMICKEN, *Administrator, et al., Respondents*, MARY A. GAFFNEY, *Appellant*.

DECEDENT'S ESTATE — DISTRIBUTION — TITLE OF DISTRIBUTEES — AP-
PLICATION OF CREDITOR TO SELL AFTER DISTRIBUTION — PROCEDURE.

After a decree of distribution of a decedent's estate has been rendered in a probate proceeding, and the estate has been distributed in accordance therewith, the court has no jurisdiction to subject the property involved therein to a judgment subsequently rendered against the administrator, when the decree of distribution has not been reversed, modified or annulled.

The effect of a decree of distribution is to vest the absolute right and title to the property in the distributees, and a subsequent order of the court directing a different disposition to be made of a portion of the property would be without authority and void.

Even though a decree of distribution of a decedent's real estate may have been conditional and the condition may not have been performed, such real estate cannot be subjected to the lien of a judgment when the petition therefor fails to state facts showing that there is not sufficient personal property in the hands of the executor to satisfy the claim, and that a sale of the real estate is necessary for the purpose of paying debts of the estate.

A claimant against a decedent's estate has no right to proceed against the heirs and distributees, until he has exhausted his remedies against the personal representatives; and, in such event, he must resort to an independent action against the heirs and distributees.

Appeal from Superior Court, Kitsap County.— Hon. JOHN C. DENNEY, Judge.   Reversed.

*Richard Saxe Jones* (*Brinker, Jones & Richards,* of counsel), for appellant.

*Bausman, Kelleher & Emory,* and *Blaine & DeVries,* for respondent, F. X. Prefontaine.

The opinion of the court was delivered by

ANDERS, J.—This was a proceeding in the superior court of Kitsap county, as a court of probate, to subject to sale certain real estate claimed to belong to the estate of Sarah M. Renton, deceased, for the payment of a debt against said estate, which had been reduced to judgment.    The respondent, F. X. Prefontaine, filed a petition in said court, setting forth in substance, among other things, that on May 12, 1890, Sarah M. Renton died intestate in said county, except as to certain community property previously disposed of by contract between herself and her husband, leaving an estate therein; and that her only heirs at law were her husband, William Renton, and her daughters, Elizabeth W. Sackman, and Mary A. Gaffney; that on July 14, following, William Renton, her husband, was appointed and duly qualified as administrator of her estate; that on May 21, 1891, said William Renton, as administrator of said estate, filed his petition in said superior court praying for a distribution of all the property owned by the said Sarah M. Renton at the time of her death, in proportions provided for in a certain agreement between said William Renton and Elizabeth W. Sackman and Mary A. Gaffney, and stating that the said estate of Sarah M. Renton, deceased, was free from debt; that there were no claims of any kind against the same; that thereafter citations were issued

2—16 WASH.

to all persons concerned in the manner provided by law, and were duly served on the respondents Elizabeth W. Sackman and Mary A. Gaffney, and notice of the hearing of said petition was duly given as provided by law, and that on the 26th day of June, 1891, a hearing was had, "all persons interested being present in person or by attorney," and a decree was entered in accordance with the prayer of the petition, which decree purported to distribute all the property of Sarah M. Renton, deceased, in the manner and in the proportions agreed upon in the contract above mentioned; that the decree provided, among other things, that the said Elizabeth W. Sackman and Mary A. Gaffney should make, execute and deliver to William Renton, as such administrator, a bond in the penal sum of $5,000, in accordance with Sec. 1576 of the 1881 Code of Washington, conditioned for the payment of any claims or debts that might thereafter be presented against the said estate of said Sarah M. Renton, deceased; that thereafter, and on July 18, 1891, said William Renton died in said Kitsap county of which he was then a resident, leaving an estate therein; that on December 2, 1891, the respondent John A. Campbell was appointed executor of his last will and testament, and thereupon qualified and ever since has been and now is the duly qualified and acting executor of said last will and testament; that on said December 2, 1891, Maurice McMicken was appointed administrator de bonis non of the estate of Sarah M. Renton, and thereupon duly qualified and ever since has been and now is the duly acting and qualified administrator of said estate; that on July 5, 1893, petitioner, as executor of the last will and testament of one Margaret Harmon, deceased, recovered a judgment in the superior court of King county against Maurice McMicken, adminis-

trator as aforesaid, and John A. Campbell, as executor of the will of William Renton, in the sum of $2,808.84, with interest and costs; that no part of said judgment has been paid; that prior to the death of William Renton all the personal property belonging to the estate was distributed among the heirs at law of said Sarah M. Renton, and that none of said personal property and none of the rents, issues or profits thereof has ever come into the custody or control of said Maurice McMicken, as administrator, and that there is no property in the hands of said McMicken as such administrator with which to pay the said judgment; that the petitioner has demanded of the said McMicken that he, as such administrator, should institute proceedings for the sale of sufficient of the real property of the estate of Sarah M. Renton, deceased, to pay the debts thereof, but that he has refused, and still refuses, to institute such proceedings or to make any payment on account of the said judgment recovered against him as such administrator; and that a sale of the whole or a portion of the real property of said estate is necessary for the purpose of paying the judgment recovered against said estate by petitioner. The petition also sets out a description of the property embraced in the inventory and in the petition for distribution filed by William Renton as administrator of the estate of Mrs. Renton. The petitioner in his petition asked for an order of the court directed to all the respondents to show cause, in the manner and at the time and place provided by law, why an order should not be issued directed to said Maurice McMicken, as administrator *de bonis non* of said estate, commanding him, as such administrator, to sell the real property of said estate of Sarah M. Renton, or so much thereof as should be

necessary to pay the said judgment in favor of the petitioner.

The court granted an order directing the parties in interest to show cause why the petition should not be granted, and at the time and place appointed for the hearing, the appellant, Mary A. Gaffney, appearing by her counsel, objected to the granting of the order prayed for by petitioner, on the following grounds: (1) That the petition of the petitioner shows upon its face that the court has no jurisdiction of this respondent for any of the purposes prayed for in said petition; (2) that the laws of the state of Washington make no provision for any such proceeding in law or in equity as is set out in said petition; (3) that the said pititioner has a complete and adequate remedy for all the rights asserted and arising from the facts set out in the said petition, if any such there be, independent of the process prayed for in said petition; (4) that the said petition does not state a cause of action against this respondent, nor any right or interest in favor of petitioner as against this respondent; and (5) that, upon the facts set out in said petition, petitioner is not entitled to the relief prayed for, nor to any other relief whatever. The court overruled these objections and granted the order prayed for, and from that order this appeal is prosecuted.

The action of the court in overruling the objections above set forth is assigned as error. Neither the regularity nor the validity of the decree of distribution of the estate of Sarah M. Renton is challenged by the petitioner in his petition. On the contrary, the petition shows upon its face that all of the property of that estate was distributed among the heirs of the decedent, and it is not alleged in the petition that the decree has ever been reversed, modified or annulled. It there-

fore must, for the purposes of this case, be deemed to be a subsisting decree of a court having jurisdiction of the matter in controversy. If the decree, as alleged, distributed the entire estate, the court lost jurisdiction of the property distributed, after the decree was rendered, for all purposes whatever, except, perhaps, that of enforcing the order. *Wheeler v. Bolton*, 54 Cal. 302.

The effect of such a decree is to vest the absolute right and title to the property in the distributees, and, therefore, the subsequent order of the court directing a different disposition to be made of a portion of the property was without authority and consequently void. *In re Garraud's Estate*, 36 Cal. 277.

The respondents claim, however, that the decree was not final, but was conditioned upon the execution of the bond which was ordered to be given by Mrs. Sackman and Mrs. Gaffney, and also that the court had no authority to enter the decree upon the petition of the administrator, for the reason that the law designates the heir, legatee or devisee as the person who shall present the petition to the court for a preliminary distribution of the estate. There is no averment in the petition that the decree was conditional, or even that the bond therein ordered was. not given, although it is assumed in the briefs of counsel that it was never executed. But if, in fact, the decree was really conditional and the condition imposed has not been performed, still the court was not justified in ignoring it entirely on the hearing of this petition, and proceeding as if it had never been entered; and the petitioner having shown by his petition that the property ordered by the court to be sold by the administrator had previously been distributed and set over to the heirs of the decedent, of whom appellant is one, and not having

alleged that the decree of distribution had been vacated or annulled by a proper proceeding, cannot now in this court be heard to say that the property so distributed still belongs to the estate. Moreover, on the petitioners own theory that, as matter of fact, the real estate of the decedent was not distributed, for the reason that the bond ordered was not executed, and therefore yet belongs to the estate of Mrs. Renton, the petition fails to state facts sufficient to entitle him to the relief prayed for or to authorize the court to make the order of which appellant complains.

It is alleged in the petition that the petitioner, as administrator, recovered a judgment against the executor of the last will and testament of William Renton, as well as against the administrator *de bonis non* of the estate of Mrs. Renton. The only effect of that judgment was to establish his claim against those estates in the same manner as if it had been presented and allowed by the executor of the one and the administrator *de bonis non* of the other, and by the court. No execution can issue on such a judgment, and it is not even a lien on the property of the estate. After petitioner's claim was thus established, it became the duty of the personal representatives against whom the judgment was recovered, to pay the amount thereof in due course of administration. Code of Procedure, § 990.

It is not averred that the executor of the will of William Renton has refused to pay the judgment in due course of administration, or that the estate is, or the executor or his bondsmen are, insolvent, or that the executor will not pay the claim in accordance with law and his duty. Provision is made by the statute for the sale of real estate by an executor or administrator for the payment of the debts of decedents only in cases where there is not sufficient personal estate

in his hands for that purpose. Code of Procedure, § 1005. And it is provided, in the section just referred to, that, to obtain an order to sell real property, the executor or administrator shall present a petition to the court, verified by his oath, setting forth, among other things, the amount of personal estate that has come to his hands, and how much, if any, remains undisposed of, together with a list and the amounts of the debts outstanding against the estate as far as the same can be ascertained. By Sec. 1014 it is provided that:

"If the executor or administrator shall neglect to apply for an order of sale whenever it may be necessary, any person interested in the estate may make application therefor in the same manner as an executor or administrator . . ."

But, whether made by an executor or administrator or by a person interested in the estate, a petition for the order of sale must set out all the facts required to be shown by the statute. As the judgment in favor of petitioner was at the same time a claim against the two estates mentioned, no real property of either estate could properly be sold for the purpose of paying it without alleging in the petition, and proving, that such a sale was necessary by reason of insufficiency of personal property to pay the debt.

As to the condition of the estate of William Renton, nothing whatever is disclosed by the petition. It is true that the petition alleges that there was no personal property in the hands of the administrator *de bonis non* of the estate of Mrs. Renton, at the time the petition was presented to the court; but it is also true that it avers that there was no property in his hands with which to pay petitioner's judgment; and, that being so, we fail to perceive, even if it be conceded that petitioner might proceed against that estate alone,

by what authority or for what reason the learned court made the order directing this administrator to sell specific real estate which, it was alleged, was not in his possession, and which had been, according to the petition, distributed among the heirs of Mrs. Renton by a formal decree of the probate court. Not until this petitioner has exhausted his remedies against the personal representatives against whom his judgment was recovered can he lawfully proceed against the heirs and distributees to collect his claim. 2 Woerner, Am. Law of Admr'n, §§ 577, 579. And he cannot then do so by a summary proceeding, such as he has invoked in this instance. He must resort to an independent action in which such distributees are made parties defendant, and in which their rights and liabilities may be equitably determined. If the personal representatives are not proceeding according to law in this instance, they, or either of them, may be moved to do so upon a proper application to the court; but an executor or administrator cannot be compelled, by a probate court, to sell real estate which has been distributed by order of the proper court, to pay debts established after such distribution. Manifestly, only property in the hands of the personal representative can be sold by him, and such sale must be made in accordance with the statute.

The order appealed from must be reversed, and the cause remanded to the court below with directions to sustain the objections interposed to the petition by appellant.

HOYT, C. J., and SCOTT, DUNBAR and GORDON, JJ., concur.