H. W. WALLACE, *Respondent*, v. W. E. GRANT, *as Administrator, et al., Appellants.*

EXECUTORS AND ADMINISTRATORS — MORTGAGE OF REAL ESTATE — SUFFICIENCY OF SHOWING MADE.

Under Bal. Code, § 6257, which provides that "when the personal estate in the hands of the executor or administrator shall be insufficient to pay the allowance to the family and all the debts and charges of the administration, the executor or administrator may sell or mortgage the real estate for that purpose, upon the order of the court," an order of the court authorizing an administrator to mortgage real estate is void, when based upon a petition by the administrator showing affirmatively that the personal property of the estate has not been exhausted, but merely that "petitioner has sold all the personal property of said estate that in his judgment is advisable to sell at the present time."

SAME — ILLEGALITY OF MORTGAGE — ESTOPPEL.

In an action to foreclose a mortgage given by the administrator of an estate, defendants are not estopped from pleading the illegality of the mortgage by reason of the estate's having had the benefit of the money loaned, when there is no showing in the record as to what was done with the money by the administrator, the burden being upon the mortgagee to show that the estate was actually the recipient of the money loaned.

Appeal from Superior Court, Lincoln County.—Hon. CHARLES H. NEAL, Judge. Reversed.

*Martin & Grant,* for appellants.

*C. S. Voorhees, Reese H. Voorhees* and *Joseph Sessions,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—John H. Bellinger died in Lincoln county, Washington, in December, 1895. W. N. Bellinger was appointed by the superior court of said county as

administrator of said estate, and entered into possession of the estate as such administrator. The estate consisted of real and personal property. On the 21st of May, 1896, the administrator filed a petition to mortgage a part of the real estate. The petition was granted and the real estate was mortgaged. This action is for the foreclosure of said mortgage. The defendant demurred to the complaint, which demurrer was overruled, and the cause was tried, and judgment of foreclosure entered in favor of the plaintiff against the estate.

The petition to sell was not verified, and was not approved by the judge who ordered a sale of the real estate mortgaged, and it was defective in some other particulars. In the foreclosure proceedings it was asked that the mortgage be reformed, and the court ordered and adjudged that it should be reformed, and after finding that by mistake the mortgage was not presented to the court making the order for its approval, and that it had not been approved or indorsed "Approved," it reformed it by decreeing that it was entitled to approval by the court. Whether the court had power to reform the mortgage in this respect and in this manner it is not now necessary for us to determine, with the view we take of more important objections which are raised to the proceeding. The petition for the sale of real estate was as follows:

"The petition of W. N. Bellinger would respectfully show as follows: That your petitioner is the duly appointed and acting administrator of the estate of said John H. Bellinger, deceased. That acting under an order heretofore made, entered and issued, your petitioner has sold all the personal property of said estate's that in his judgment is advisable to sell at the present time and that the moneys arising from said sale have been expended by your petitioner in paying the funeral expenses of said de-

ceased, and in paying interest on mortgages of the real. property of said estate and taxes on said real estate and other and numerous expenses connected with your petitioner's administration of said estate. That in consequence of a lack of funds belonging to said estate your petitioner has had to pay out of his own personal funds a considerable sum of money in paying certain necessary expenses connected with his administration of said estate, and that there are unpaid certain expenses of administration. Your petitioner would respectfully represent to the court that a portion of the estate left by said John H. Bellinger is situated in the state of New York and that the only person living who is entitled under the laws of Washington to inherit the estate of said John H. Bellinger or any portion thereof, is the mother of the said deceased, who resides in the state of New York and lives upon the property left by the deceased in said state and occupies it as her home, and there is certain indebtedness against the estate in New York, the exact amount of which is unknown to your petitioner, and that it is the desire and the wish of the mother of the deceased that your petitioner should go to the state of New York and look after the property there and settle up the indebtedness against the estate in New York and for this purpose the mother of deceased is willing and desires, if it can be done, that your petitioner raise sufficient money by mortgaging the whole or a portion of the real property of said estate in the state of Washington. That in the judgment of your petitioner it would be to the best interest of the estate and all the persons interested therein to mortgage a portion of the real property of said estate for the purposes just above mentioned and for the purpose of reimbursing your petitioner with moneys he has paid out on said estate out of his personal funds and for the further purposes of settling up the unpaid expenses of administration. That your petitioner would further represent to the court that the indebtedness against said estate is small and the granting of this petition would in no wise jeopardize the few claims held by creditors of said estate, as said estate is

solvent and will be able to pay in full all of its indebtedness. That in your petitioner's judgment the real estate most advisable to mortgage is described as follows, towit: The northwest quarter of section 9, township 24 north, of range 39 E., W. M., and lots four (4), five (5), twelve (12), thirteen (13), and fourteen (14), in Sec. four, township twenty-four (24) north, of range thirty-nine (39) E., W. M., all of said real estate being in Lincoln county, Washington.

W. N. Bellinger, Petitioner."

The statute by virtue of which the court had authority to order this land mortgaged, if it had any authority at all, is found in § 6257, Bal. Code, and reads as follows:

"When the personal estate in the hands of the executor or administrator shall be insufficient to pay the allowance to the family and all the debts and charges of the administration, the executor or administrator may sell or mortgage the real estate for that purpose, upon the order of the court. To obtain such order he shall present a petition to the court setting forth the amount of the personal estate that has come to his hands, and how much, if any, remains undisposed of, a list and the amounts of the debts outstanding against the deceased, as far as the same can be ascertained, a description of all the real estate of which the testator or intestate died seized, the condition and value of the respective lots and portions, the names and ages of the devisees, if any, and of the heirs of the deceased, which petition shall be verified by the oath of the party presenting the same."

It would seem that a reading of the statute and the petition would force the conclusion upon the ordinary mind, as well as the mind learned in law, that the court acted without jurisdiction in making the order to mortgage the real estate. A mortgage or sale of the real estate of a deceased person is in derogation of the common law, and is authorized, if at all, by statute; and when autho-

rized by statute the statute must, in substance, at least, be complied with. The basis of the statutory provision is the exhaustion of the personal estate in the hands of the executor or administrator, and it is only when the personal estate in the hands of the executor or administrator shall be insufficient to pay the debts of the administration that the executor or administrator may sell or mortgage the real estate.

*Ackerson v. Orchard,* 7 Wash. 377 (34 Pac. 1106), is relied upon somewhat by the respondent; but that case dealt, not with the prerequisite for the mortgage of the real estate, viz., the insufficiency of the personal property, but upon the subsequent regulations prescribed, which were held to be irregularities, and cured by the curative act of 1890 in relation to the sale of lands. The case, it seems to us, does not reach the question under discussion. It was, however, said by this court in *Prefontaine v. Mc-Micken,* 16 Wash. 16 (47 Pac. 231), in discussing this very proposition, that whether made by an executor or administrator, or by a person interested in the estate, a petition for the order of sale must set out all the facts required to be shown by the statute; that, as a judgment in favor of the petitioner was at the same time a claim against the estates mentioned, no real property of either estate could properly be sold for the purpose of paying it, without alleging in the petition and proving that such a sale was necessary by reason of the insufficiency of personal property to pay the debt. No other conclusion could be reached without absolutely abrogating the principal provision in § 6257.

It is the policy of the law that the personal property, which is not so stable in its character, shall first be exhausted, before the real property of the estate shall be dis-

posed of.  It was evidently the intention of the legislature
that this should be a prerequisite to such disposal of real
property.  The doctrine of *caveat emptor* has uniformly
been applied to purchasers of land at probate proceedings.
If there are *any* jurisdictional steps to be taken before
the sale of real estate can be made,—and a mortgage is in
effect a sale,—it is the showing that the personal property
is insufficient to pay the expenses of the estate.  That
showing is not made in this petition.  The petition is even
more conclusive against the respondent's contention than
the absence of a showing; for it affirmatively appears there-
in that the personal property has not been exhausted, from
the statement that the petitioner has sold all the personal
property of said estate that, in his judgment, it "is advis-
able to sell at the present time."  The law having inter-
jected *its* judgment into the statute, the judgment of the
petitioner, or even of the court, must be subservient to its
provisions.

California has the same statute, in substance, that we
have; and under such statute it has been universally held
in that state that such facts as are stated in the petition
in this case are insufficient to give the court jurisdiction
to order the premises mortgaged or sold.  See *Haynes v.
Meeks,* 20 Cal. 288; *Pryor v. Downey,* 50 Cal. 388 (19
Am. Rep. 656) ; *Estate of Boland,* 55 Cal. 310.  And cases
might be cited from almost every state in the Union to
the same effect.  Of course, if the jurisdictional facts
did not exist when the order was made, no reformation of
the mortgage or subsequent action of the court could cure
the defect.

It is, however, stoutly contended by the respondent
that, in any event, the appellants ought to be estopped
from interposing this objection to the proceedings, inas-

much as the estate has had the benefit of the money for which the mortgage was given. The doctrine of estoppel is based upon the actual enjoyment or appropriation of that which has been received; but, in order to invoke that rule, even if it could be invoked under the statute in this case, it would have to affirmatively appear that the estate had received the benefit of the money obtained on this mortgage. This does not appear. There is no showing in the record of what was done with the money by the administrator who obtained it. It is claimed by the respondent that it is not the duty of the lender of money to see that it is properly expended by the administrator, and that would be true if he had seen to it that the loan had been made under the provisions of the law. But in order to ask that the estate be estopped from pleading the illegality of the mortgage, it is incumbent upon him to show that the estate was actually the recipient of the money obtained by the administrator.

Under the plain provisions of the statute the judgment must be reversed, and the cause remanded, with instructions to the lower court to sustain the demurrer to the complaint.

REAVIS, C. J., and WHITE, ANDERS, FULLERTON and HADLEY, JJ., concur.