[No. 5756.   Decided January 5, 1906.]

E. A. McKENNA et al., Respondents, v. GEORGE M. COSGROVE, Appellant.[1]

EXECUTORS AND ADMINISTRATORS—RESIGNATION—APPOINTMENT OF SUCCESSOR—VALIDITY—COLLATERAL ATTACK. Where an administrator has tendered his resignation and the same has been accepted and a new administrator has been appointed, the last appointment cannot be collaterally attacked by reason of the fact that the first administrator did not render any account.

SAME—SALE OF REAL ESTATE TO PAY DEBTS—PETITION—NONEXISTENCE OF PERSONAL PROPERTY—SHOWING—SUFFICIENCY. Although the petition for the sale of real estate for the purpose of paying debts of the estate does not state that there was any personal property belonging to the estate, it will be presumed, in aid of the jurisdiction, after the confirmation of the sale, that the court was advised that there was no personal property which could have been applied to the payment of debts, there being no affirmative showing to the contrary.

SAME—PETITION—NECESSITY OF SALE. Upon a collateral attack of a sale of real estate for the purpose of paying the debts of the estate, which real estate was specifically devised, it will be presumed in aid of the proceedings that there was no other real estate belonging to the estate, where the petition for the sale states that the lot in question was the only property belonging to the estate, although another lot was included in the inventory; and oral evidence that such other lot belonged to the estate was properly excluded.

EXECUTORS AND ADMINISTRATORS—POWER TO MORTGAGE ESTATE—EXECUTION IN REPRESENTATIVE CAPACITY—PRESUMPTION. An administratrix having authority to mortgage property of the estate under certain conditions, a new mortgage executed by her in her representative capaciy will be presumed regular, nothing to the contrary appearing, and the court having known thereof and approved the application of the proceeds of such note and mortgage.

SAME—SALE TO PAY DEBTS—CONFIRMATION—REGULARITY—BONA FIDE PURCHASER—COLLATERAL ATTACK. An administrator's sale for the purpose of paying the debts of the estate, confirmed by the court, free from fraud, and shown to be valid on the face of the record, cannot be collaterally attacked for irregularities, as against a bona fide purchaser.

[1]Reported in 83 Pac. 240.

Appeal from a judgment of the superior court for Lincoln county, Neal, J., entered January 4, 1905, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, enjoining a sale of land under execution and removing cloud from title. Affirmed.

*Merritt & Merritt,* for appellant.

*H. N. Martin* and *J. T. Mulligan,* for respondents.

HADLEY, J.—This action was brought to enjoin a sale of real estate under execution, and to remove a cloud upon the land by reason of a judgment and attachment. The following facts appear in the record: In April, 1897, one James Holmes was the owner of lot 8, block 17, in the city of Sprague, Lincoln county. During said month he died, leaving a will with codicil attached, and by the terms of the codicil he specifically devised to his wife, Lizzie Holmes, the said lot, and nominated her as the executrix of his will. The will was duly admitted to probate, and Mrs. Holmes was appointed as executrix, and was duly qualified as such. Thereafter she petitioned the court for an order to sell personal property of the estate. An order authorizing such sale was entered by the court, and by the terms of the order the executrix was directed to apply the proceeds arising from the sale to the payment of physician's accounts, aggregating $133, and the balance to the payment of such other debts "as may exist against said estate."

The record shows also that said Lizzie Holmes, in her capacity as executrix, executed a mortgage upon the aforesaid lot to Minnie Brunneman, to secure a note for the sum of $500, also executed by her as executrix. It is also disclosed that said executrix presented to the court her written resignation as executrix, because of her removal from the state, and requested the appointment of one T. M. Cooper. Thereafter, on the petition of said Cooper, he was appointed as administrator of said estate, and entered upon the discharge of his duties as such. Thereupon said Cooper, as administrator, petitioned

the court for an order to sell said lot for the purpose of paying obligations of the estate. Such an order was made after due notice to show cause and, in pursuance of the order, the administrator sold the lot to E. A. McKenna, as the highest bidder, for the sum of $800. The sale was thereafter duly confirmed by an order entered by the court.

In reporting, by final account to the court, the application made of the proceeds of the sale, the administrator showed that of the sum received $710 was paid to discharge the mortgage aforesaid, and the balance was applied upon payment of expenses of administration. After due notice the court, upon examination of the account and vouchers, fully approved the account. Meantime, prior to said sale proceedings, George M. Cosgrove, in a suit then pending against said Lizzie Holmes, caused an attachment to be issued and levied upon said lot. After the sale, a judgment was rendered against Mrs. Holmes in said action. An execution was then issued under said judgment, and placed in the hands of J. H. Gardner, as sheriff of Lincoln county. Claiming to act under authority of such execution, and by direction of said Cosgrove, the said sheriff attempted to levy upon said lot, and advertised the same for sale for the purpose of satisfying said judgment.

This action was then brought by said McKenna and his wife to enjoin the making of such sale, and to clear the lot of the cloud cast upon it by said attachment, execution, and levy. Said Cosgrove and the sheriff were made parties defendant, and the former answered the complaint, alleging that, at the time the administrator made the sale aforesaid, there were no debts against said estate; that the sale was unnecessary, and that it was made for the sole purpose of defrauding said Cosgrove and preventing the collection of his said judgment against Lizzie Holmes. The cause was tried by the court, and a judgment was rendered in favor of plaintiffs, permanently enjoining the defendants from selling said lot under said execution, and removing the cloud cast upon

the lot by reason of said attachment, execution, and levy. The defendant Cosgrove has appealed.

It is first contended that the appointment of Cooper as administrator was void, and that all his acts in the premises were nullities. The argument in support of this contention is that, at the time of Cooper's appointment, Mrs. Holmes was still the duly qualified and acting executrix of the estate; that she had never made a final accounting, and had never been discharged from her trust. Appellant's own pleading, however, shows that she did tender her resignation in writing, and the appointment of Cooper followed. There is no evidence in the record which shows affirmatively that Mrs. Holmes did not render a final account, or that she was not duly and regularly discharged. The court had jurisdiction of both the estate and of the executrix. The order appointing her successor has the solemnity of a judgment, and when collaterally attacked, as it is here, every fact necessary to support the order and which is not actually negatived by the record, will be presumed in its favor. *Kalb v. German Sav. & Loan Society,* 25 Wash. 349, 65 Pac. 559, 87 Am. St. 757; *Peyton v. Peyton,* 28 Wash. 278, 68 Pac. 757.

It is next urged that the court was without jurisdiction to order a sale of the real estate, and that the order of sale was void. It is contended that the petition for the sale was defective in that it did not show the amount of personal property which had come into the hands of the executrix, the predecessor of the administrator. The petition does state, however, that at the time of the appointment of the administrator, there was no personal property belonging to the estate. Other portions of the record of the estate show that the executrix sold personal property, and was directed by the court to apply the proceeds upon payment of debts of the estate. The sale having been made under direction of the court, and the court still having jurisdiction of the estate, when it considered the administrator's petition, it must be presumed here, in aid of the proceedings, in the absence of

positive facts appearing in the record to the contrary, that the court was advised that there was no personal property of the estate which had not already been properly applied. There is no affirmative showing here that there was personal property of the estate which had not been properly applied to the payment of debts, as was true in *Wallace v. Grant,* 27 Wash. 130, 67 Pac. 578, cited by appellant.

The next point made by appellant is that the petition for the order of sale was defective, for the reason, as alleged, that it did not show the amount of real property of which the testator died seized. It does state, however, that the only property belonging to the estate was the lot in question. It will be remembered that this lot was specifically devised to Lizzie Holmes, and it is as her property that appellant seeks to sell it in satisfaction of his judgment against her. He therefore seeks to make it appear that there was other real estate not specifically devised, which should have been sold first for the satisfaction of debts of the estate. We find no competent showing in this record that there was any other such real estate. The executrix seems to have included one other lot in an inventory, but the inventory shows upon its face that it was signed by her at Salt Lake City, Utah, and she was doubtless then of the opinion that the lot belonged to the estate; but the mere inclusion of the lot in the list does not establish that the estate had title to it. A witness also testified orally at the trial of this case that he understood that the lot belonged to the deceased. But such evidence is wholly incompetent to establish that the estate had title to the lot. There are, therefore, no competent facts appearing in the record which negative the statement in the petition that the lot in question was all the property belonging to the estate; and, in aid of the proceedings against this collateral attack, it must be presumed that there was no other real estate.

It is argued that the debt which was secured by the mortgage that was satisfied from the proceeds of the sale of the

lot was not the debt of the estate, but was the personal debt of Lizzie Holmes, and that the purpose of the appointment of Cooper as administrator and the subsequent sale of the lot through the probate proceedings was to defraud appellant and prevent him from collecting his debt against Mrs. Holmes. It is true the mortgage was executed after the death of her husband, but Mrs. Holmes executed both the note and mortgage in her representative capacity as executrix, and there is nothing appearing in the record which shows that it was not done to serve in some manner the interests of the estate. Upon the face of the note and mortgage they were such obligations of the estate as should have been discharged out of its assets. Authority for the executrix to mortgage the real estate is conferred by Bal. Code, § 6257, under conditions there specified. The record shows that the court was advised of the existence of the mortgage and approved of the application of the proceeds of the sale to its payment. In the absence of anything in the record affirmatively showing the contrary, it will therefore be presumed that the mortgage was regularly and authoritatively executed in behalf of the estate.

Fraud is not established by the record or the evidence, and with the above facts appearing, together with the court's order confirming the sale, the proceedings are not shown by the face of the record to have been void, and their regularity is not subject to attack in this collateral manner as against a *bona fide* purchaser. *Ackerson v. Orchard,* 7 Wash. 377, 34 Pac. 1106, 35 Pac. 605; *Otis Bros. & Co. v. Nash,* 26 Wash. 39, 66 Pac. 111; *Hubermann v. Evans,* 46 Neb. 784, 65 N. W. 1045; *Phillips v. Phillips,* 13 S. D. 231, 83 N. W. 94; *Hahn v. Kelly,* 34 Cal. 391, 94 Am. Dec. 742. It is not shown that respondents were not purchasers in good faith. They paid in cash the adequate value of the property, relying upon the probate proceedings and the authority of the administrator to sell, together with the court's order confirming the sale. The proceedings not appearing to have been void, re-

spondents took the land from the estate free from any claim of lien or charge against it by appellant for the personal obligation of Mrs. Holmes.

The judgment is affirmed.

MOUNT, C. J., FULLERTON, CROW, DUNBAR, and ROOT, JJ., concur.