JOHN H. GRANGER, RELATOR v. JUDGE OF SUPERIOR COURT OF DETROIT.

*Judgment by default after short notice of rule to plead—Waiver of defects by silence—Establishment of rights by laches—Costs on mandamus.*

A judgment by default is not absolutely void for want of sufficient notice of the rule to plead, where process has been personally served; and if the party suffering judgment neglects to seek relief against it on error, until the other party would have lost his remedy by lapse of time, he cannot then have it vacated by mandamus.

Defects in notice are waived if no seasonable complaint is made where the party notified has already been regularly served and suit is fairly progressing.

Costs were not awarded on the denial of a writ of mandamus against an inferior court where the proceeding was brought at the respondent's request.

The special statutory methods of obtaining jurisdiction where actual notice is not given, stand entirely on their own regularity, and if not regular, proceedings based on them are nullities. But where personal service has been had, farther proceedings are not necessarily fatally defective for all purposes, especially if rights based on them are allowed to become established by lapse of time without resorting to common law remedies to set such proceedings aside.

MANDAMUS to vacate judgment. Submitted October 12. Denied October 13.

*George D. Lincoln* for the writ.

*George A. Chase* and *Herbert L. Baker* against.

CAMPBELL, J.   This is a motion for a mandamus to require the entry of an order vacating a judgment by default for want of due process.

On the 25th of June, 1873, a declaration was filed in the Detroit Superior Court, and rule to plead within ten days entered, and a copy of the declaration and of this rule was duly served. Default was taken July 10th and judgment was finally entered on August 11, 1873.

On September 22, 1880, a motion was made to vacate this judgment and refused.

This application is made upon the idea that in *Wyandotte Rolling Mills Co. v. Robinson* 34 Mich. 433, this court intended to hold judgments obtained under the ten-day rule to plead absolutely void.

That decision was on error, and the entry of such a judgment was held erroneous. But there is no intimation in that case that the judgment is void. Although the commencement of suit by declaration and service of notice of rule to plead is statutory, and must conform to the statute, yet there

44 MICH.—25

is no reason, for putting it on any different footing from other process. Either by rule or statute, or by recognized practice, some time has always been required to intervene between the service or return of a writ and the time fixed for appearance; and sometimes a writ is required to run a certain length of time. It would not be competent to enter a default on process which in form or in service did not allow the requisite time to the defendant. And in other cases notice is often required to run for a certain period. But it has not been held that where there has been an actual personal service of such writ or notice, proceedings under it are nullities. 1 Tidd's Pr. 152–160–161–162 and notes. The reason is plain enough. The party having been legally served within the jurisdiction is personally informed that proceedings will be urged against him. He has a right to expect that in due time the plaintiff will discover the error and take steps to rectify it. If this is not done, he has a right to the common law remedies for the correction of errors and may, until those are lost by lapse of time, resort to them to have relief against the erroneous action. But it is not settled and would be unjust to allow a party to attack such proceedings collaterally after long lapse of time, when the plaintiff has lost any other remedy, and thus avoid what was probably a just liability. If he does not see fit to sue out a writ of error, when he knows where the proceedings are pending and has had full opportunity to examine into the action of the court, he should not in fairness be allowed the advantage of what is a merely formal objection, and we do not think the authorities cited sustain any view to the contrary.

Where cases and proceedings are not according to the usual course, and are special in their character, they are held void on slighter grounds than regular suits, because the courts have not the same power over their records to correct them. So where there has been no personal service within the jurisdiction, the doctrine prevails that proceedings not conforming to the statutes are void. But this is on the ground that there has been no service whatever, and the party therefore has not been notified in any proper way of anything. The purpose

of the statutory methods is to furnish means from which notice may possibly or probably be obtained.    But as a court acting outside of its jurisdiction is not recognized as entitled to obedience, the special statutory methods stand entirely on their own regularity, and if not regular cannot be said to have been conducted under the statutes.    The distinction is obvious, and is not imaginary.

Here there was proper notice of a pending suit, the only defect being the fixing of too short a time for appearance. While the defendant sued had a right to insist on proper adherence to the rules governing such cases, he should have brought error when he found the plaintiff expected to enforce his judgment.    If this had been a notice after the party had been regularly served and the suit fairly in progress, the authorities are uniform that the defect would be waived entirely unless seasonably complained of.    There is no hardship in the rule which requires in such a notice as the present resort to some recognized method to correct the error, instead of treating it as fatal for all purposes.

The motion must be denied.    As the proceedings seem to have been brought at the desire of the judge no costs will be awarded.

The other Justices concurred.