45    457
88    154

45    457
112    77

## HARRIET PRATT v. GEORGE S. HOUGHTALING.

*Jurisdiction to license administrator's sale.*

Creditors of a decedent's estate are not cut off from enforcing their claims so long as no commissioners are appointed upon the estate and no time or place appointed for the allowance of claims.

Where a widow, after being made executrix, remarries and an administrator *de bonis non* is appointed, the interim between her disqualification and the new appointment may be added to the four years and six months allowed by law for the payment of claims against the estate.

A probate court does not lose jurisdiction to license the sale of real estate for the payment of debts if the order is made within the period to, which the time may properly be extended, even if the extension is not actually made.

*It seems* that a probate license to sell real estate for the payment of debts will not necessarily be held invalid for having been granted after the period allowed therefor by statute, when inquired into collaterally, as in an action of ejectment against the purchaser.

Case made after judgment from Cass.  Submitted January 19.  Decided January 28.

EJECTMENT.  Defendant had judgment.  Affirmed.

*Howell & Carr* for plaintiff.  Claims cannot be presented against an estate after the statutory period allowed therefor: *People v. Probate Judge* 16 Mich. 204; *Godfrey's Estate* 4 Mich. 308; and the probate court loses jurisdiction to license a sale for their payment if the statutory time has passed and he has not extended the time: Freeman on Judgments § 121; *People v. Sanchez* 24 Cal. 17; *People v. Bradwell* 2 Cow. 445; *Wight v. Wallbaum* 39 Ill. 554; *Orman v. Riley* 16 Cal. 186; *Northrop v. People* 37 N. Y. 203.

*Harsen D. Smith* for defendant.  A probate license to sell real estate cannot be attacked collaterally for having been made after the expiration of the time within which the statute requires the estate to be settled: *Cooper v. Robinson* 2 Cush. 190; *Allen, petitioner,* 15 Mass. 58; *Richmond, petitioner,* 2 Pick. 567; *Hudson v. Hulbert* 15 Pick. 423; *Palmer v. Palmer* 13 Gray 326; unless granted after the estate is actually closed: *Howard v. Moore* 2 Mich. 226; *Coon v. Fry* 6 Mich. 506; *Woods v. Monroe* 17 Mich. 238; *Osman v. Traphagen* 23 Mich. 80; *Griffin v. Johnson* 37 Mich. 87; *Larzelere v. Starkweather* 38 Mich. 100; *Dexter v. Cranston* 41 Mich. 448; *Church v. Holcomb* ante p. 29.

MARSTON, C. J.  This was an action of ejectment, brought by one of the children and heirs-at-law of Rulof D. Crego, deceased, to recover her interest in lands of which he died seized.  The defendant claims title under an administrator's sale made in 1861, and also to be a *bona fide* purchaser.

The plaintiff claims that no debts were ever proven against the estate; that the real estate of the deceased could only be sold to pay debts; and that at the time license was granted to sell the real estate the probate court had lost all jurisdiction in the premises by lapse of time.

Crego died August 29, 1856. No commissioners were appointed to allow claims. Eliza Crego, executrix,* November 16, 1857, petitioned the probate court for license to sell certain real estate, alleging therein the existence of debts amounting to $500. License was granted February 1st, 1858, to Joseph Jones, administrator *de bonis non,* the executrix having married, and a sale made March 26, 1859, which was afterwards vacated and set aside by the probate court. May 7, 1861, Joseph Jones, administrator, filed a petition for license to sell the real estate, alleging therein debts to the amount of $500, which was heard June 18th, 1861, license granted and a sale made thereunder August 3d, 1861, which was confirmed August 15th, 1861.

If the probate court had jurisdiction to hear the petition filed May 7th, 1861, and grant a license thereunder, then under section 4596, 2 Comp. Laws, the defendant is protected.

No commissioners were appointed for the allowance of claims, nor did the judge of probate appoint any time or place for the allowance of claims by himself; and until some provision was thus made to give creditors an opportunity to present their claims, we cannot say they were cut off, under the facts and circumstances of the present case.

That debts existed against the estate, and were informally recognized as valid and subsisting by the probate court, cannot be controverted. The probate court, under the statute, could have allowed the original executrix four years to dispose of the estate and pay the debts, and an administrator *de bonis non* having been appointed, six months' additional time could have been given him, besides the time between the date of his appointment and the time the executrix was first incapacitated from acting. The time which could thus have been allowed would extend to August, 1861, and in this case the petition and license under which the sale was made, were previous to that time. The case had not therefore passed beyond the jurisdiction of the probate court, and although it does not appear that the time for thus settling

* The executrix was appointed Nov. 7, 1856.

the estate had been extended, yet this is not necessary. A failure to so extend would not deprive the court of jurisdiction.

Even then if the sale could thus be inquired into in a case like the present, still it does appear that the court was acting within the limits of its jurisdiction, and action thereunder was valid. Where an estate has not been formally closed, we do not wish to be understood as holding or intimating that a license granted after the time fixed by the statute would be necessarily void, in a case like the present, when inquired into collaterally. ·

The judgment must be affirmed with costs and the record remanded.

The other Justices concurred.