48    407
70    418
48    407
86    259

## WILLIAM E. ELLSWORTH v. JOSEPH HALL.

*Guardian's sale—Petition for license to sell—Signature to report—Construction of judicial opinions.*

A guardian's petition to the probate court for license to sell the real estate of his ward is not fatally defective for not being sworn to; and as it is not required by statute to be signed, it is sufficient if it describes the guardian and he presents it in person.

Expressions in a judicial opinion have no controlling force where they do not purport to give the views of the court or the settled conviction of the writer, and especially where the subject to which they relate is not material to the decision and is not decided.

Probate courts are courts of record and may properly enter upon their records all petitions for license to sell land.   Comp. L. § 5193.

A guardian's sale is not invalidated by the fact that the guardian has not signed the report of sale: the defect may be supplied by seasonable amendment under the order of the probate court.   Comp. L. § 4622.

Error to Isabella.   Submitted April 14.   Decided June 7.

EJECTMENT.   Plaintiff brings error.   Affirmed.

*Stanford & Van Kleeck* for appellant.   A report of a guardian's sale is not record evidence: *Smith v. Lawrence* 12 Mich. 431; *Hall v. Redson* 10 Mich. 21; *Farm. & Mech. Bank v. Bronson* 14 Mich. 369; and if it were, it may be impeached by evidence *aluinde* showing a want of jurisdiction: *Palmer v. Oakley* 2 Doug. (Mich.) 494; *Shumway v. Stillman* 6 Wend. 447; *Starbuck v. Murray* 5 Wend. 148; *Bradshaw v. Heath* 13 Wend. 407; *Clark v. Holmes* 1 Doug. (Mich.) 390.

*Fancher & Dodds Bros.* for appellee.

GRAVES, C. J.   Ellsworth sued in ejectment and on the conclusion of the evidence the circuit judge ordered a verdict in favor of Hall.   The latter relied on a sale by plaintiff's guardian made in virtue of a license granted by the probate court under chapter 78 of the Revised Statutes of 1846, as amended in 1849, Comp. L. p. 1434, and the ruling is questioned on the claim that the court of probate obtained no jurisdiction.   It is not pretended that the proceedings were before the wrong court.   But the real objection urged is that the mode of application was too imperfect to set the authority of the court in motion.   It appears from the plaintiff's own proof that the guardian in person actually presented a petition for license; that the probate judge

received it, and entertained and acted upon the application as regular and sufficient. The objection brought against it is that it was neither signed nor sworn to, and without these it is argued the court had no power to consider the proceeding at all.

It was decided in this Court more than twenty years ago that an administrator's neglect to swear to his application for license to sell real estate was not a fatal defect; *Coon v. Fry* 6 Mich. 506; and the same principle applies here, and since the statute does not specify that the application must be signed it would be going far to hold the petition void for the want of signing. In this case, as we have seen, the application was presented by the guardian in proper person, and it appears from the petition that he is described in it. We think there was enough to occupy the jurisdiction and launch the proceeding. As certain expressions in *Ryder v. Flanders* are supposed to be at variance with our construction here, (30 Mich. 342,) it may be proper to say that whatever inference might be drawn from those observations it is plain they were not put forth as the views of the court or even as expressing the settled conviction of the author of the opinion, and moreover the subject to which they related was not material to the decision and was not decided. Some effort is made to impugn the action of the court on other grounds, and it may be well perhaps to notice the points alluded to.

When the defendant was proceeding to prove his title he offered the petition already noticed, and the plaintiff then objected to it and the court sustained the objection. He then offered an entry from the probate records purporting to be a true record of the actual application in the case for license and representing the petition as signed and sworn to. The plaintiff then objected that it was not such a record as the judge of probate was required by law to keep. But the court overruled the objection and admitted the evidence. It is now contended that there is no law for recording petitions for license and that this entry is not a record and has no force whatever.

The point is of no importance so far as the decision here is concerned, but in order to save future misapprehension it may be expedient to bestow a word or two on it. In the first place the objection now urged is not distinctly and clearly identical with the objection made before the circuit court. The reason there given against the offered evidence rather indicated that the fault lay in some shape in the *manner* of recording than in any want of fitness in the thing to be matter of record. But waiving this we think the ground now urged is untenable and that the probate court is allowed to enter all petitions for license in its records. Comp. L. § 5193. The court is a court of record and it may in any case properly regard all such applications "as things proper to be recorded."

It would no doubt be well if the practice were universal to enter all such matters at length and thus create more stable memorials of such important proceedings, and provide additional safeguards against the dangers which beset the doings of these courts through the escape, mutilation or destruction of loose papers reposing in open files.

The further objection is now suggested that the report of sale was not signed by the guardian. No such point was intimated in the court below. The admission of the report was opposed on wholly different grounds, and moreover the record does not prove the fact to be as claimed. But suppose it were otherwise and that the report was actually not signed, it would not have the effect to nullify the sale. If any special importance ought to be attached to the signing of such a report the want of signature could be supplied by seasonable amendment under the order of the probate court, and certainly the case would admit no such remedy if the report were *ipso facto* void.

In conclusion we think the defence presented a *prima facie* case under the protective provisions of Comp. L. § 4622, and that the direction to find against the plaintiff is not proved to be erroneous. *Palmer v. Oakley* 2 Doug. 432; *Howard v. Moore* 2 Mich. 226; *Coon v. Fry*, supra; *Woods v. Monroe* 17 Mich. 238; *Toll v. Wright* 37 Mich.

93; *Dexter v. Cranston* 41 Mich. 448; *Nichols v. Lee* 10 Mich. 526; *Lynch v. Kirby* 36 Mich. 238; *Pratt v. Houghtaling* 45 Mich. 457.

The judgment is affirmed with costs and the case is remanded for such further proceedings under the statute permitting the election of new trials in ejectment as the plaintiff may be entitled to take.

The other Justices concurred.