KARL LEY V. ADAM PILGER ET AL.

FILED JANUARY 3, 1900.  No. 9,065.

1. **Summons:** RETURN DAY.  A summons in which an erroneous return day is inserted is irregular, but not void.

2. ———: ———: MOTION TO QUASH.  In such case a defendant, on whom such erroneous summons has been served, should, if he desire to take advantage of the defect, move to quash the writ.

3. ———: JURISDICTION: JUDGMENT.  Where a court obtains jurisdiction of a party by the service of a defective summons, the judgment rendered is not void.

4. ———: JUDGMENT: CORRECTION.  The right to correct an erroneous judgment, arising from the service of defective process, rests, in the first instance, with the court out of which the process issued.

ERROR from the district court of Stanton county. Tried below before EVANS, J.  *Affirmed.*

*Brome & Burnett,* for plaintiff in error.

*John A. Ehrhardt, contra.*

SULLIVAN, J.

Adam Pilger and Fred Feyerherm sued Karl Ley in the county court of Stanton county to recover $280, claimed to be due upon a note and account. The summons was issued and served on April 21, and was made returnable on the first day of the following month, which was the first day of the May term. The defendant made no appearance in the action, and on May 2 judgment was rendered against him by default. He afterwards prosecuted error to the district court, where the judgment of the county court was affirmed. We are of opinion that the judgment of affirmance is right, and that there is no error in the record brought here for review. The case being within the enlarged jurisdiction of the county court, the issuance, service and return of the summons was regulated by section 8, chapter 20, Compiled Statutes, 1899, which is as follows: "In all cases commenced

40

in said courts wherein the sum exceeds the jurisdiction of a justice of the peace, it shall be the duty of the county judge to issue a summons, returnable on the first day of the next term of said court, if there be ten days intervening between the issuance of the summons and the first day of the term, and if not, then to be made returnable on the first day of the next term thereafter, which summons shall be directed and delivered to the sheriff or any constable of said county, and the sheriff or constable shall serve the same upon the defendant as in other civil cases, at least ten days before the return day thereof. When the summons has not been served ten days before the first day of the term, the cause shall stand continued until the next regular term of said court, and shall then stand for trial, without further notice to the defendant." Only nine days intervened between the 21st day of April and the first day of the May term, and, therefore, under the provisions of the section quoted, the summons should have been made returnable on the first Monday in June.

It is contended by counsel for Ley that the process issued by the county judge was unauthorized and void; that the county court did not acquire jurisdiction of the person of the defendant, and that the judgment pronounced is a nullity. The opinion in *Crowell v. Galloway*, 3 Nebr., 215, contains some expressions which seem to countenance the claim that the commission of an error in fixing the answer day or the return day of a summons, would make the writ void; but no such question was decided in that case. In *Clough v. McDonald*, 18 Kan., 114, and in *Swerdsfeger v. State*, 21 Kan., 475, it was held that the insertion of an erroneous return day in a summons renders the process irregular, but not void. This we think the correct doctrine. The same conclusion was reached in *Granger v. Judge*, 44 Mich., 384; *Gribbon v. Freel*, 93 N. Y., 93; *Stilwell v. Swarthout*, 81 N. Y., 109, and *Ziegenhager v. Doe*, 1 Ind., 296. There are cases holding that such process is void, and not merely irregular; but the reasoning upon which they rest is not at all con-

vincing, and we must decline to follow them. If a party has been served with summons, he should not be permitted to disregard it altogether because the answer day named is either too near or too remote, or because the officer is given less time to make the service than the law allows. If the writ is not in strict conformity with the statute, the right of the defendant is to appear specially, and move to quash it. See *Roggencamp v. Moore,* 9 Nebr., 105. Since there was, in this case, no ruling on a motion to quash the summons, the defendant's only ground of complaint is that the judgment against him was prematurely rendered. The right to correct this error belonged, in the first instance, to the county court, and could not be raised, primarily, in the district court. The matter is governed by sections 597 and 598 of the Code of Civil Procedure, which are as follows:

"Sec. 597. A mistake, neglect, or omission of the clerk shall not be a ground of error, until the same has been presented and acted upon in the court in which the mistake, neglect, or omission occurred.

"Sec. 598. Rendering judgment before the action stood for trial according to the provisions of this code, shall be deemed a clerical error."

The attention of the county court not having been called to the error committed by it in rendering judgment against the defendant at the May term, its action in the premises can not be reviewed. The judgment is

AFFIRMED.