## PHILLIPS *et al.* *v.* PHILLIPS *et al.*

1. Comp. Laws, § 5822, provides that the county court shall order the sale of a decedent's real estate when a verified petition is filed setting forth certain facts, but that if jurisdictional facts are omitted from the petition, it shall be sufficient if the defect be supplied by proofs at the hearing, and be recited in the decree. Comp. Laws, § 5651, accords to the decrees of the county court all the presumptions in favor of those of the circuit court. *Held*, that where a decree ordering such a sale recited that a verified petition was filed, and showed that all jurisdictional facts were proved at the trial, it could not be collaterally attacked on the ground that the petition was not verified, and did not allege jurisdictional facts.

2. In an action to quiet title the record failed to show that summons was served on certain minor defendants. In an application addressed by the minors to the trial court they made oath that summons had been served on them, and asked for the appointment of a guardian *ad litem.* The guardian *ad litem* answered in the action, and the decree recited the appointment of the guardian *ad litem* for such minors, and their appearance through such guardian in the action. The minors thereafter brought suit to set aside a deed made by the personal representatives of their deceased ancestor, on which plaintiffs in the action to quiet title based their claim to the land in question. *Held,* that in the latter action it would be presumed that summons was served on the minors in the action to quiet title and the decree therein would not be disturbed.

(Opinion filed June 1, 1900.)

Appeal from circuit court, Minnehaha county. Hon. JOS-EPH W. JONES, Judge.

Action by Fred E. Phillips and others against Arthur C. Phillips and others to set aside conveyances of real estate. From a judgment in favor of the defendants, plaintiffs appeal. Affirmed.

The facts are stated in the opinion.

*Rollin J. Wells* and *A. B. Ktttredge,* for appellants.

Where a petition for sale of decedents real estate does not state the facts necessary to give the court jurisdiction, all proceedings thereunder are a nullity. Wright v. Edwards, 10 Oregon, 298; Estate of Boland, 55 Cal. 310; Smith's Case, 51 *Id.* 565; Prior v. Downey, 50 *Id.* 388; Winter v. Davis, 63, *Id.* 17; Blodgett v. Hitt, 29 Wis. 169; Hilltons Appeal, 9 Atl. 434; Townsend v. Gordon, 19 Cal. 207.

Any sale of the property of an estate to the administrator is void. § 5859 Comp. L. 1887; Perry on Trusts, § 295; Michoud v. Gerod, 4 How. U. S. 503; Terwilliger v. Brown, 44 N. Y. 237; Forbes v. Halsey, 26 N. Y. 53; Reynolds v. Ins. Co., N.

Y. Supp. 457; *In re* Taylor Orphan Asylum, 36, Wis. 534; Arrowsmith v. Gleason, 129 N. S. 86; Johnson v. Waters, 111 U. S. 556; Pacific Railroad v. Hurtzman, 82 Fed. 241; Chandler v. McKinney, 6 Mich. 217.

The service of process upon infants is one regulated by statute and the statute must be strictly followed or no jurisdiction will be acquired.   Wood v. Monlevallo Coal Co., 107 Ala. 364; Coster v. Georgia Bank, 24 Ala. 37; Bruce v. Strickland, 47 Ala. 195; Ingersoll v. Mangam, 84 N. Y. 627.

A decree cannot be taken against an infant on his own admissions or consent.   10 Ency. of Pleadings, 519; Dangerfield v. Smith, 1 S. E. 599; Hughes v. Housel, 50 N. W. 1128; Massilon Co. v. Hubbard, 77 N. W. 588.

A judgment may be called in question collaterally.   Cottrell v. Coon, 51 N. E. 235; Lessees of Hickey v. Stewart, 3 How. U. S. 751; Williamson v. Berry, 8 How. U. S. 542; Clay ton v. Clayton, 4 Colo. 416; Newcomb v. Dewey, 27 Ia. 381; Wolf v. Shenandohe, 50 N. W. 561.

Where fraud and irregularities are alleged it becomes incumbent on the defendants to affirmatively show that they are are innocent purchasers.   Arlington State Bank v. Paulsen, 78 N. W. 303.

*Keith* & *Warren*, and *Davis Lyon* & *Gates*, for respondents.

FULLER, P. J.   From the record presented by plaintiffs' appeal from a judgment in favor of defendants in this action to set aside certain conveyances of real property it appears that on the 21st day of May, 1891, Andrew C. Phillips died intestate, leaving as surviving heirs his widow, Imogene E. Phillips, and

and their children, Arthur C., Fred E , Walter A., Florence L.,
and Lillian P. Goddard.  On the 2d day of October following,
the defendants Imogene E. Phillips and Arthur C. Phillips
were appointed administrators of the estate, the value of which
exceeded $136,000.  Upon their petition an order of the county
court was entered granting these administrators leave to sell
the real estate involved in this suit, and they accordingly sold,
and by an administrator's deed, transferred the same to W. H.
Stoddard, who soon afterwards conveyed a portion thereof to
Imogene E. Phillips and the remainder to Arthur C. Phillips,
through whom their co-defendants in this case derived title for
an adequate consideration after a decree of the circuit court
had been entered in certain actions instituted by the said
grantors, respectively, against each other, and the defendants
Fred E. Phillips, Walter A. Phillips, Florence L. Phillips, and
Lillian P. Goddard, to quiet the title to such property, and by
which it was adjudged that said defendants are "the true and
lawful owners of said lands and premises, and every part and
parcel thereof, and that their title thereto is hereby adjudged
to be quieted against all claims, demands or pretensions of the
said defendants, or either of them, and the said defendants,
and each of them, are hereby perpetually enjoined and re-
strained from asserting or setting up any claim or claims what-
ever of, in or to said real estate, or any part thereof, adverse
to said plaintiffs."  By Sections 5821 and 5822 of the Compiled
Laws the authority of the county court to order the real prop-
erty of a decedent sold is invoked by a petition which must set
forth certain facts specified therein, and it is urged by counsel
for appellant that the petition in this instance was wholly in-
sufficient to confer any jurisdiction upon the county court.

Though the petition offered and received in evidence at the trial of this action is unverified, and fails to specify facts sufficient to justify the granting of such application, the order of the county court directing the administrators to sell the real property in question states that the same is based on a verified petition reciting all jurisdictional facts and no direct proceeding to disturb such order has. ever been instituted.

To obtain an order under Section 5822 for the sale of such property the administrator must present to the county court a verified petition showing the amount of personal property that has come into his hands as assets, and the amount, if any, remaining undisposed of; the debts outstanding. so far as ascertainable, the amount due or to become due within a certain period upon the family allowance; the accrued expenses of administration, and an estimate of what is likely to accrue; a general description of all real property owned by the decedent, or in which he had an interest, specifying the condition and value thereof, together with the names of the heirs, so far as known to the petitioner. "If any of the matters here enumerated cannot be ascertained, it must be so stated in the petition; but a failure to set forth the facts showing the sale to be necessary will not invalidate the subsequent proceedings, if the defect be supplied by the proofs at the hearing, and the general facts showing such necessity be stated in the decree." In view of the fact that the order granting leave to sell the real property made the subject of this controversy purports by its terms to have been based upon a verified petition with certain auxiliary proceedings essential in its validity, and not otherwise disclosed, it cannot be said that a want of jurisdiction affirmatively appears from the record, and something more than the in-

troduction in evidence of an unverified petition, almost entirely at variance with the one specified by the court, is required to impeach the recitals of such order. Surely, as much credence should be given to the findings of a court of general jurisdiction with respect to the existence of jurisdictional facts as to a petition found in the files, which it must be presumed was judicially known to be unverified and otherwise fatally defective. Section 5651 of the Compiled Laws accords to the orders, judgments, and decrees of the county court all the presumptions entertained with reference to the orders, judgments and decrees of the circuit court, and requires their construction to be in the same manner, and with like intendments. It is quite apparent from the entire record before us that the liberal rule of the statute concerning amendments was duly exercised, and such a petition presented, as the court solemnly declares it acted upon in ordering a sale of the real property to which respondents subsequently acquired title in good faith, without notice, and for a valuable consideration; and upon the faith of such findings it should be so presumed. Rogers v. Miller (Wash.), 42 Pac. 525; Matthews v. Hoff, 113 Ill. 90. In Grignon's Lessee v. Astor, 2 How. 319, 11 L. Ed. 283, this rule of conclusiveness is invoked, and after an able review of numerous supporting decisions, that court, speaking through Mr. Justice BALDWIN, concludes thus: "We do not deem it necessary now or hereafter to retrace the reasons or authorities on which the decisions of this court in that or the cases which preceded it rested. They are founded on the oldest and most sacred principles of the common law. Time has consecrated them. The courts of the states have followed, and this court has never departed from, them. They are rules of property,

on which the repose of the country depends.   Titles acquired under the proceedings of courts of competent jurisdiction must be deemed inviolable in collateral action, or none can know what is his own; and there are no judicial sales around which greater sanctity ought to be placed than those made of the estates of decedents, by order of those courts to whom the laws of the states confide full jurisdiction over the subjects." Appellants Fred E. Phillips and Walter A. Phillips were minors represented in the two actions to quiet title by a guardian *ad litem*, and the point is urged that the judgments entered in such actions are void, and consequently subject to this collateral attack, for the reason that process was not served upon them or upon the general guardian.  It is expressly stated in each decree that the case came regularly on for hearing; that they appeared and answered by their guardian *ad litem*; and their status in the action and his authority to thus appear is clearly shown by the following findings of fact, as well as the evidence justifying the same:  "That the said defendants Walter A. Phillips and Fred. E. Phillips are each infants under the age of twenty-one years, the said Walter A. Phillips being twenty years of age, and the said Fred E. Phillips being sixteen years of age; that said Imogene E. Phillips is the general guardian of the persons and estate of the said infant defendants, duly appointed by said county court; and that Chas L. Brockway, Esq., was duly appointed by this court on the 5th day of June, 1893, as the guardian *ad litem* of each of the said defendants, and authorized and directed to appear and defend this action as such guardian on behalf of the said infant defendants."  Each of these minor defendants in his verified petition to the circuit court for the appointment of a guardian *ad litem* swears that

the summons and complaint were served upon him, respectively, on the 24th and 26th days of May, 1893, and "prays that Chas. L. Brockway, Esq., an attorney of said court, residing in the city of Sioux Falls, Minnehaha county, State of South Dakota, or some other competent and suitable person, be appointed guardian *ad litem* for your petitioner, to appear and defend said actiom in his behalf, and to do all other necessary and proper acts for the interest of your petitioner in said action." These verified petitions required the court to investigate every statement contained therein, and the presumption arises from the appointment of a guardian *ad litem* that it was judicially ascertained that process had been duly served; and, conceding that an infant can neither waive nor admit service, he is certainly competent to testify that a summons has or has not been served upon him. As against collateral attack it will be presumed that a court of general jurisdiction had authority to pronounce the judgment called in question, and in the absence of any showing to the contrary it will also be presumed that an infant defendant for whom a guardian *ad litem* has been appointed was duly served with process. Benefield v. Albert (Ill.), 24 N. E. 634; McAnear v. Epperson, 38 Am. Rep. 625; Bosworth v. Vanderwalker, 53 N. Y. 597; Dunn v. Dunn (Cal), 46 Pac. 5; Alston v. Emmerson (Tex Sup.), 18 S. W. 566; Day v. Kerr, 7 Mo. 426; Bedinger v. Smith (Ark.), 13 S. W. 734. According to a familiar rule it is not essential to the validity of a judgment rendered by a superior court that jurisdiction affirmatively appear therefrom or in the judgment roll. If it does not, and the contrary does not therein affirmatively appear, jurisdiction will be conclusively presumed. Hahn v. Kelly, 34 Cal. 391. Unless such records import absolute verity when collater-

ally attacked, the stability of judicial proceedings would suffer irreparably, and, though occasional hardships result from the application of the doctrine, courts are exceedingly reluctant to depart therefrom.

The remaining questions presented by counsel for appellant relate to irregularities merely, which require no special attention, and the judgment appealed from is affirmed.