BLACKMAN *et al.* v. MULHALL *et al.*

1. Rev. Prob. Code, § 26, provides that the proceedings of the court are to be construed in the same manner and with like intendments as pro-

ceedings of courts of general jurisdiction, and its records and decrees are to be accorded like force and effect as those of circuit courts. Section 202 provides that failure to set forth facts showing a sale to be necessary will not invalidate the subsequent proceedings if the defect be supplied by the proofs and general facts showing such necessity be stated in the decree. Section 332 provides that orders and decrees need not recite the existence of the facts upon which the jurisdiction of the court may depend. Held, that an order of the probate court, finding the existence of all the facts necessary to constitute a valid sale of real estate, and authorizing such sale to be 'made, constitutes a conclusive determination, as against collateral attack, of the sufficiency of the petition for the sale, and precludes a successful attack on the purchaser's title on account of defects in such petition.

2. It may be presumed, on collateral attack on the appointment of an administrator, that a petition for the appointment was in fact filed and notice thereof given, where it does not affirmatively appear that no petition was filed and no notice was given.

3. Under section 80 of the Revised Probate Code, authorizing the grant of administration to one or more of several classes of persons, an irregularity in appointing an administrator without petition being first filed is not available in a collateral proceeding to overthrow the acts of an administratrix who was duly appointed, and with whom the administrator acted.

4. A finding of a probate decree that a petition for the sale of land was duly presented by the administrator and the administratrix, and ordering the sale to be made in the name of both the administrator and the administratrix, cannot be collaterally attacked.

5. The fact that an order to show cause why real property should not be sold to pay a decedent's debts was published for only 26 days, instead of the 28 days prescribed by Rev. Porb. Code, § 204, does not render the sale void, nor affect its validity in a collateral proceeding.

6. The fact that a published notice of the sale of real property to pay a decedents debts does not order persons interested in the estate to appear and show cause why an order for the sale should not be granted, as required by Rev. Prob. Code, § 203, does not affect the validity of the sale in a collateral proceeding, where such notice states, in accordance with the statute, that application has been made for the sale, and that hear-

ing will be had at the time designated therein, and the order for the sale recites that all proceedings required by statute have been complied with.

7. Where an order confirming a sale of real estate to pay a decedent's debts recites that the sale was legally made and fairly conducted, it must be presumed on collateral attack that the probate court had before it proof showing that the provisions of the statute, including the requirement of the publication of the notice in the proper county, had been complied with.

(Opinion filed July 6, 1905.)

Appeal from circuit court, McCook county; Hon. JO-SEPH W. JONES, Judge.

Action by Janet Hansberger against James P. Mulhall and others, impleaded with F. L. Blackman and another. From a judgment in favor of defendants Mulhall and others, defendants Blackman and another appeal. Affirmed.

*Boyce & Warren,* for appellants.

Section 26 of the Probate Code provides that "the proceedings of this court are construed in the same manner and with like intendments as the proceedings of courts of general jurisdiction, and to its records, orders, judgments and decrees are to be accorded like force and effect as those of circuit courts." When the record discloses the fact that the court had no jurisdiction, the judgment is a mere nullity and may be collaterally impeached by any person interested whenever and wherever it is brought in question. 1 Black on Judgments, § 278; Ferguson v. Jones, 20 Pac. 842; Frankel v. Satterfield, 19 Atl. Rep. 898; Ferguson v. Crawford, 70 N. Y. 253. Where the judgment record recites affirmatively facts showing that the court had jurisdiction, such recitals may be shown to be false, and the judgment impeached in a collateral action by

extrinsic evidence. 1 Black on Judgments, §§ 275 and 276; Ferguson v. Crawford, 70 N. Y. 253; Mastin v. Gray, 27 Am. Rep. 149; Hill v. City Cab Co., 21 Pac. 728; Starbuck v. Murray, 5 Wen. 148; Bloon v. Burdick, 1 Hill 130; Harrington v. People, 6 Barb. 607.

There can be no presumption of jurisdiction over a person beyond the territorial limits of the court. The sale proceedings being the exercise of a special statutory power and adversary in character, so that notice to the heir is necessary, and it being established as a fact that the heir was beyond the territorial jurisdiction of the court, presumption of jurisdiction over such heir cannot be indulged, but the service or publication of the notice in the statutory manner must appear upon the face of the record. Galpin v. Page, 18 Wall. 350; Mastin v. Gray, 27 Am. Rep. 149; Godfrey v. Valentine, 40 N. W. 163.

A license to an administrator to sell real estate of the deceased to pay debts barred by the statute is void. Farwell v. Richardson, 84 N. W. 558; Heath v. Wells, 5 Pick. 139; Campau v. Gillette, 33 Am. Dec. 73; Mooers v. White, 6 John, Ch. 360; Butler v. Johnson, 111 N. Y. 204; Farwell v. Parker, 106 Mass. 347; Richardson v. Hodge, 117 Mass. 225; Hoffman v. Beard, 32 Mich. 218.

One of two joint executors or administrators cannot file a petition for an order of sale to pay debts; and a petition so filed does not confer jurisdiction upon the court. Gregory v. McPherson, 13 Cal. 562; Hannum v. Day, 105 Mass. 33; Cobb v. Kempton, 154 Mass. 270.

The statute requires that the publication shall be full four weeks or twenty-eight days, and a publication for a shorter period does not confer jurisdiction, and where this defective

19 S. D.—36

publication appears from the face of the record there can be no presumption of jurisdiction. Pearson v. Pearson, 46 Cal. 635; Campbell v. Drais, 57 Pac. 994; Townsend v. Tallant, 33 Cal. 45; Young v. Downey, 51 S. W. 752; Young v. Downey, 46 S. W. 1086; Davis v. Robinson, 7 S. W. 749; Gilmore v. Taylor, 5 Ore. 91; Hutchinson v. Shelley, 133 Mo. 400; Goudy v. Hall, 30 Ill. 109; Gibson v. Roll, 30 Ill. 172; Newman v. Crowls, 8 C. C. A. 577; Settlemier v. Sullivan, 97 U. S. 444; Cheeley v. Clayton, 110 U. S. 708; Guaranty Trust Company v. Green Cove, &c., R. R. Co., 139 U. S. 147; Robinson v. Fair, 128 U. S. 53.

*Jepson & Jepson* and *P. J. Rogde,* for respondents.

The machinery of the proper court having been called into motion, the sufficiency of the facts upon which its rulings and judgments were based cannot be collaterally attacked. Schnell v. City of Chicago, 87 Am. Dec. 304; Larson v. U. P. Ry. Co., 97 N. W. 313; Peck v. Strong, 3 N. W. 697; Comstock v. Crawford (U. S.), 18 L. Ed. 34; Carr v. Hull, 58 L. R. A. 641; Barney v. Babcock, 91 N. W. 982; Ormsby v. Piker, 82 N. W. 36; Simmons v. Saul, (U. S.), 34 L. Ed. 1054.

As to the necessity for the sale, the same having been adjudicated by the court, it cannot now be questioned in this proceeding. Norman v. Olney, 31 Mich. 355; Boyd v. Blackman, 87 Am. Dec. 146; Cobb v. Garner, 53 Am. St. Rep. 136; Bateman v. Reitler, 36 Pac. 548; Flennar v. Walker, 23 S. W. 1029; Lyne v. Sanford, 82 Texas 58, 8 Am. Probate Rep. 26; Macey v. Stark, 21 Pac. 1088; Harris v. Schaffer, 21 S. W. 110; Halbert v. Martin, 30 S. W. 388.

Even though said application for sale was made by J. B. LeBlond alone, that would not invalidate the proceedings.

There was a petition for the sale filed, under which the matter of sale was brought before the court, and the court acted thereon. The same cannot now be attacked in this collateral proceeding. Ellsworth v. Hall, 12 N. W. 512; Dexter v. Cranston, 2 N. W. 674; Trumble v. Williams, 24 N. W. 716; Shaffer v. Harris, 21 S. W. 110; Osman v. Traphagen, 23 Mich. 79; Gulickson v. Bodkin, 80 N. W. 783; Hadley v. Bordeaux, 95 N. W. 1109.

Even though said notice was defective either in its form or as to the length of time of service, and even though no notice at all of the time and hearing had been given, it would not make the proceedings void. Grignon v. Astor, 11 N. W. 283; Mohr v. Manieere, (U. S.) 25 L. Ed. 101; Schaale v. Wasey, 38 N. W. 319; McLawhorn v. Worthington, 3 S. W. 633; Apel v. Kelsey, 2 S. W. 103; Haight v. Hayes, 92 N. W. 297; Lyne v. Sanford, 82 Texas, 58 Am. Prob. Rep. 26; Ackerson v. Orchard; 7 Washington 377, 8 Am. Prob. Rep. 525.

Where there is some notice, an irregularity or insufficiency thereof cannot be questioned on collateral attack. Quarl v. Abbott, 1 N. E. 476; Granger v. Judge of Superior Court, 11 N. W. 156; Ley v. Pilger, 81 N. W. 507; Goodell v. Starr, 26 N. E. 793; Essig v. Lower, 21 N.E. 1090; Morrow v. Weed, 4 Iowa 77; Ballinger v. Tarbell, 16 Iowa 491; Bonsall v. Isett, 14 Iowa 309; Darrah v. Matson, 36 Iowa 177; Shea v. Quintin, 30 Iowa 58; Applegate v. Applegate, 107 Iowa 312; Millard v. Marmon, 7 N. E. 468.

CORSON, P. J. This action was instituted by Janet Hansberger against James P. and John Mulhall for the specific performance of a contract for the sale of a quarter section of land in McCook county, and appellants, Blackman and Spaulding,

were made codefendants, as claiming some interest in the property. James and John Mulhall claim the property under and by virtue of an administrator's sale made in 1887 in probate proceedings in the estate of Nathan P. Amy, deceased, whose death occurred at Sioux Falls in April, 1885. Appellant F. L. Blackman claims certain interest in the property as grantee of several of the heirs at law of the said Amy, and appellant Arthur Spaulding claims an interest in the property as heir at law of the said Amy, deceased, and, being a minor, appeared by his guardian. Blackman interposed a counterclaim and cross-bill against plaintiff and his codefendant. Arthur Spaulding also, in his answer, pleaded by way of counterclaim and cross-bill against the defendants James and John Mulhall, and prayed for judgment quieting his title to a portion of the premises. Upon counterclaims and cross-bills of James and John Mulhall the case was tried to the court without a jury, and, the court's findings being in favor of John Mulhall and against the other defendants, and a judgment entered thereon, Blackman and Spaulding have taken separate appeals to this court therefrom, but by stipulation both appeals have been considered together.

It will thus be seen that the action brought originally to enforce the specific performance of the contract by the plaintiff has been converted, in effect, into an action to quiet title as between the parties claiming by virtue of the sale made under the orders and decrees of the probate court as against the heir and grantee of the heir of the decedent. It is claimed by the appellants, Blackman and Spaulding, that the proceedings resulting in the sale of the property under the order and decree of the probate court was null and void, and that therefore

James and John Mulhall acquired no title to the premises thereunder. The validity of the sale, therefore, is the principal question to be considered on this appeal.

It is contended by the appellants: (1) That there was no statutory ground shown authorizing the sale, in that it did not appear from the petition for the sale upon which the order of sale was made that there were any debts due and allowed from the intestate, and that therefore the court was without jurisdiction to make the order; (2) that the probate court never acquired jurisdiction of the estate by the appointment of an administrator, in that the appointment of Dr. J. B. Le Blond, one of the administrators, was made without a proper petition and notice; (3) that there was no proper order to show cause, and that the notice fixing the time and place for the hearing was not posted or published as required by law; (4) that the sale was void for the reason that notice of sale was not posted in three public places in the county of McCook, in which the land was situated; (5) the sale was void because not reported under oath to the probate court, as required by the Probate Code; (6) that the court erred in refusing to make the findings of fact and conclusions of law requested by the appellants; (7) that the respondents Mullhall failed to prove any title to the premises, for the reason that the deeds offered in evidence were not acknowledged so as to entitle them to record, no evidence given of the loss of the original, and it was not proved that the Security Land & Mortgage Company, through whom they claim title, was a corporation, or that the persons whose names were signed to the deeds as officers were in fact officers of the corporations, or that the seal of the corporation was affixed to the deeds by authority of the corporation, and that

the records of the deeds were therefore inadmissible in evidence.

It is contended on the part of the respondents in support of the findings and judgment of the trial court: (1) That the proceedings for the sale of the property were substantially in compliance with the provisions of the Probate Code; (2) that the probate court, under the laws of this state, has been made, in effect, a court of general jurisdiction, and that to its records orders, judgments, and decrees are to be accorded like force, effect, and legal presumption as to the records, orders, judgments and decrees of circuit courts, and therefore, the court having jurisdiction of the subject, its orders and judgments and decrees are conclusive in this action; (3) that the action is barred by the three year limitation provided in the Probate Code, and by possession and payment of taxes for ten years, under the law of 1891.

The appellants, while conceding that the judgments and decrees of a probate court in conducting its ordinary business are to be accorded like force and effect as judgments and decrees of a circuit court, yet contend that in decreeing the sale of property for the payment of debts of the intestate it is acting as a court of special and limited jurisdiction, and its judgments and orders affecting such sales are to be regarded as made by a court having such limited jurisdiction. The questions presented are important, involving as they do the right of bona fide purchasers in good faith on the one side and the heirs at law of the deceased on the other. Section 26 of the Revised Probate Code reads as follows: "The proceedings of this court are construed in the same manner, and with like intendments, as the proceedings of courts of general jurisdiction,

and to its records, orders, judgments and decrees, there are accorded like force, effect and legal presumption as to the records, orders, judgments and decrees of circuit courts," and the last clause of section 202 provides: "But a failure to set forth the facts showing the sale to be necessary, will not invalidate the subsequent proceedings, if the defect be supplied by the proofs at the hearing, and the general facts showing such necessity be stated in the decree," and section 332 provides: "Orders and decrees made by the county court, or the judge thereof, need not recite the existence of facts, or the performance of acts upon which the jurisdiction of the court or judge may depend, but it shall only be necessary that they contain the matters ordered or adjudged, except as otherwise provided in this title." It will thus be seen that the proceedings of the probate court and its records, judgments and decrees are to be accorded like force, effect and legal presumption as are accorded to the orders, judgments and decrees of a circuit court, and that a failure to set forth the facts showing the sale to be necessary, or to recite the same in the order, will not invalidate the sale

It is contended, as before stated, that the order or decree of the probate court authorizing the sale of the property is not conclusive against collateral attack, for the reason that the facts set out in the petition for the order did not show that there were any valid debts existing and properly allowed, due from the estate, and that all of the real property of the intestate was not described therein. This contention is clearly untenable, for the reason that the probate court had jurisdiction of the subject-matter, and was vested with the power to determine the sufficiency of the petition, and in making the order it must have

necessairly determined that the petition was sufficient. This judgment or determination was, in our opinion, conclusive as against a collateral attack. Whether or not it was erroneous or irregular, and would or would not have been reversed upon appeal, it is not neccessary now to decide. No appeal was taken, and the judgment is therefore conclusive in this action.

The question as to defects in the petition for a sale was fully considered in the case of Dennis v. Winter, 63 Cal. 16.. There section 1537, as amended in 1874, in the Probate Code of California, is identically the same as section 202 of the Probate Code of this state, and in discussing the questions arrising under the Code of that state the Supreme Court of California says: "It appears from the evidence in this case that the land sued for was owned by one B. S. Dennis, under whom plaintiffs claim title as heirs, and that it was sold under an order of the probate court, the defendant becoming the purchaser. The questions in the case involve the regularity and validity of the proceedings in the probate court culminating in a sale and the execution of a deed to the purchaser by the administrator of the estate of B. S. Dennis, deceased. The defendant had judgment in the court below. * * * The first point made relates to the sufficieney of the petiton upon which the order of sale was made. It is important to bear in mind that this is not an appeal from a judgment or order of the probate court made in the course of administration, but it is a collateral attack upon the proceedings had in that court. If, therefore, the court (which was in that proceeding one of general jurisdiction) had jurisdiction to make the orders attacked, and to take the proceedings resulting in the sale of the land, its

judgment and orders must be treated, for purposes of the present case, as conclusive of the matters determined by them. * * * If the petition does not set forth all of the facts showing the sale to be necessary, and giving the court jurisdiction, such failure will not invalidate the subsequent proceedings 'if the defect be supplied by the proofs at the hearing, and the general facts showing such necessity be stated in the decree.' Section 1537, Code Civ. Proc. The order of sale contained a full recital of the facts, showing that the case was a proper one for the sale of the real estate of the deceased. The next point is that the return of sale was not verified as required by section 1517 of the Code of Civil Procedure. That section declares that: 'No sale of any property of an estate of a decedent is valid, unless made under order of the superior court, except as otherwise provided in this chapter. All sales must be under oath, reported to and confirmed by the court, before the title to the property sold passes.' It is not necessary for us to determine whether a failure to make a return of the sale under oath would affect the validity of the title in a collateral attack upon the judgment, because we have in this case a recital in the order confirming the sale that the return of the sale was duly verified by affidavit. This recital is conclusive in the present case, and a finding of facts to the contrary does not in any manner affect the conclusiveness of the recital in the decree. The fact was not a jurisdictional one, and the principle applicable to the inconclusiveness of statements or recitals in judgments conferring jurisdiction does not apply." In the later case of Burris v. Kennedy, 108 Cal. 331, 41 Pac. 458, that court says: "As in all other similar matters, however, if the court has by the petition and notice acquired jurisdiction, errors afterwards in

19 S. D.—37

the exercise of it, however gross, will not render the decree invalid. I think there has been no time since 1858 when a sale of real estate would have been held void because it omitted to give a description of all the real estate of which the deceased died seised; or the value or condition of the different parcels. Such are the alleged defects in this case. But, whatever strictness was formerly required, there can be no question since the amendments to section 1537 made in 1874. As the statute now reads, no sale is invalid on account of the omission to state in the petition any of the matters enumerated, provided the general facts showing that a sale is necessary are proven and found." The view expressed in these decisions is in accord with the Supreme Court of the United States, and also with that of many of the state courts. Grignon's Lessee v. Astor, 2 How. 319, Mohr v. Manierre, 101 U. S. 417; Schaale v. Wasey, 70 Mich. 414, 38 N. W. 317; McLawhorn v. Worthington 3 S. E. 633; Apel v. Kelsey, 47 Ark. 413, 2 S. W. 103; Haight v. Hayes 92 N. W. 297; Lyne v. Sanford, 82 Tex. 58, 19 S. W. 847; Ackerson v. Orchard 34 Pac. 1106, 35 Pac. 605. In the case of Grignon's Lessee v. Astor, supra, the Supreme Court of the United States held that, where a county court has jurisdiction to order a sale of a decedent's estate on the representation and finding of certain facts, and the record showed that a petition was presented and the order made, the granting of the license was a binding adjudication that all facts necessary to give jurisdiction, as well as to warrant the license, existed, and that the record was conclusive evidence thereof, and that court in an able and exhaustive opinion says: "The granting the license to sell is an adjudication upon all the facts necessary to give jurisdiction, and whether they existed or not is

wholly immaterial, if no appeal is taken. The rule is the same whether the law gives an appeal or not. If none is given from the final decree, it is conclusive on all whom it concerns. The record is absolute verity, to contradict which there can be no averment or evidence. The court having power to make the decree, it can be impeached only by fraud in the party who obtains it. United States v. Arredondo, 6 Pet. 729, 8 L. Ed. 547. A purchaser under it is not bound to look beyond the decree. If there is error in it of the most palpable kind; if the court which rendered it have, in the exercise of jurisdiction, disregarded, misconstrued, or disobeyed the plain provisions of the law which gave them the power to hear and determine the case before them—the title of a purchaser is as much protected as if the adjudication would stand the test of a writ of error. So where an appeal is given, but not taken in the time prescribed by law. These principles are settled as to all courts of record which have an original general jurisdiction over any particular subjects. They are not courts of special or limited jurisdiction; they are not inferior courts in the technical sense of the term, because an appeal lies from their decisions. * * * These principles have been applied by this court to sales made under the decrees of orphans' courts. Where they have power to judge of a matter of fact, 'they are not required to enter on record the evidence on which they decided that fact. And how can we now say but that the court had satisfactory evidence before it that one of the heirs was of age? If it was so stated in terms on the face of the proceedings, and even if the jurisdiction of the court depended on that fact, it is by no means clear that it would be permitted to contradict it on a direct proceeding to reverse any order or decree

made by the court.    But to permit that fact to be drawn in
question in this collateral way is certainly not warranted by .
any principle of law.' Thompson v. Tolmie, 2 Pet. 165.    'If
the purchaser [under a decree of the orphans' court] was re·
sponsible for their mistakes in point of fact, after they had
adjudicated upon the facts, and acted upon them, those sales
would be snares for honest men.' Thompson v. Tolmie, 2 Pet. 168,
cited McPherson v. Cunliff, 11 Serg. & R. 429.    'The purchaser
is not bound to look further back than the order of the court.
He is not to see whether the court were mistaken in the facts
of debts and children.    The decree of an orphans' court in a
case within its jurisdiction is reversible only on appeal, and
not collaterally in another suit.    A title under a license to the
administrator to sell real estate "is good against the heirs of
the intestate, although the license was granted upon the cer-
tificate of the judge of probate, not warranted by the circum-
stances of the case."    The license was granted by a court hav-
ing jurisdiction of the subject.    If it was improvidently exer-
cised, or in a manner not warranted by the evidence from the
probate courts, yet it is not to be corrected at the expense of
the purchaser, who had a right to rely upon the order of the
court as an authority emanating from a court of · competent
jurisdiction.' Thompson v. Tolmie, 2 Pet. 168, and Perkins v.
Fairfield, 11 Mass. 227, cited.    * * *  These views of this case
decide it, without examining the exceptions to the admission
of evidence, the ruling of the court on the instruction prayed,
or their charge to the jury.    So far as either were unfavorable
to the plaintiff, they are most fully sustained by the foregoing
principles and cases.    The county court of Brown county had
undoubted jurisdiction of the subject.    Their proceedings are

irreversible.  The title of the purchaser cannot be questioned; and the judgment of the court below must be affirmed, with costs."  In Mohr v. Manierre, supra, the same court, in speaking of this decision says:    "The doctrine thus stated has ever since been adhered to by this court in like cases. * * * It was well fitted for the repose of titles."

While there is some conflict in the authorities, these decisions meet with our approval, and clearly state the law as applicable to this class of cases under the provisions of our Probate Code.  It was evidently the intention of the Legislature, in adopting the provisions of our Code above quoted, to give to the sale of real estate made under the proceedings of a probate court such validity as will enable the administrator or executor making such sales to secure a fair price for the property so sold, and to prevent such sales from being set aside for mere technical errors and irregularities.  The petition in the case at bar states  substantially all the facts required to be stated in such petition by the provisions of the Code.  It states the amount of the personal estate in the hands of the administrators, the amount of the debts outstanding against the estate, and a description of the real estate left by the decedent, and states that it is necessary to sell part of said estate in order to pay the enumerated debts and expenses of administration, etc.   The order or license to sell recites quite fully all the facts, and "that the said petitioners making this application have fully complied with the provisions of law required thereby before making this order; that the debts for the purpose of satisfying which this application is made are justly due and owing; that the personal estate of the deceased is insufficient for the payment of the said debts; and, it further appearing to

the satisfaction of the court that it is necessary to sell a por-
tion of the real estate of the said deceased for the purpose of
paying the said debts, costs of administration, taxes, and other
necessary expenses, as existing against the said estate, it is
therefore ordered." It will thus be seen that the court fully
finds all the facts necessary to constitute a valid sale, and pur-
chasers at such sale had the right to rely upon the validity of
such order in purchasing the property.

It is further contended by the appellants that the probate
court never acquired jurisdiction of the estate of the deceased
by the appointment of an administrator for the reason that no
petition was filed praying for the appointment of Le Bond, or
notice given of such application and the appellants introduced
the record which tended to prove that a petition for letters was
filed by Elizabeth Amy, widow of Nathan P. Amy, deceased,
on May 5, 1885, and that on May 20th, the day fixed for said
hearing, a request was filed by her that said Le Bond be ap-
pointed with her as administrator of the estate, and that on
that day the two were appointed administrators of the estate.
It does not affirmatively appear that no petition for the ap-
pointment of Le Bond and notice was not given, and hence the
presumption that such a petition was in fact filed and notice
given might very properly be indulged in by this court under
the decision of this court in Phillips v. Phillips, 13 S. D. 231,
83 N. W. 94. But if no petition was in fact filed other than the
request of Mrs. Amy, that irregularity, if there was one, could
not be taken advantage of in this collateral proceeding. It is
quite clear that Mrs. Amy was duly appointed, and Le Bond
executed a bond and took the prescribed oath as such adminis-
trator, and was recognized throughout the proceedings as one

of the administrators of the estate. Her acts as administrator would be good in any event, and the fact that he acted with her could not have the effect of rendering her acts as such administratrix without jurisdiction. Section 80, Rev. Prob. Code.

It is further contended that the application for the sale was made by Le Bond alone, and was not signed by Elizabeth Amy. But the court in its decree finds that the petition was duly presented by both Le Bond and Elizabeth Amy, and made the order for the sale in the name of both Le Bond and Elizabeth Amy, and this finding of the court cannot be questioned in this collateral proceeding. Ellsworth v. Hall, 48 Mich. 407, 12 N. W. 512; Dexter v. Cranston, 41 Mich. 448, 2 N. W. 674; Trumble v. Williams, 18 Nebr. 144, 24 N. W. 716; Harris v. Shafer, 21 S. W. 110; Osman v. Traphagen, 23 Mich. 80; Gulickson v. Bodkin, 78 Minn. 33, 80 N. W. 783, 79 Am. St. Rep. 352: Hadley v. Bourdeaux, 90 Minn. 177, 95 N. W. 1109,

It is further contended that the court acquired no jurisdiction of the heirs at law for the reason that the order to show cause why this property should not be sold for the payment of the debts of the estate was not in the form of an order to show cause, and was not published for four successive weeks, or 28 days, as provided by section 204 of the Revised Probate Code. It is disclosed by the record that the notice of the order purporting to be an order to show cause was published once each week for four successive weeks, but it is contended by the appellants that by the affidavit of the printer on file it is shown that the publication was only for 26 days, instead of 28 days, as the law requires. The failure to publish notice for the required time did not render the proceedings void, but only irregular, and this irregularity does not affect the validity of the

sale in this collateral proceeding.    This contention that the
purported order to show cause was merely a notice is purely
technical.    It is true it fails to use the words that the party is
required to show cause why the sale should not be ordered, but
it, in effect, complies with the statute (section 205) by giving
notice that the application has been made for a sale, and that
a hearing will be had at the time designated in the notice, and
one of the recitals in the order is that all the proceedings re-
quired by the statute had been complied with.    This was an
adjudication that the proceedings prior to the granting of the
order were valid.    Where there is some notice, an irregularity
or the insufficiency thereof cannot be questioned in a collateral
proceeding.    Kerr v. Murphy, 19 S. D. 184, 102 N. W. 687;
Quarl v. Abbett, 102 Ind. 233, 1 N. E. 476; Granger v. Judge
of Superior Court, 44 Mich. 384, 6 N. W. 848; Ley v. Pilger,
59 Neb. 561, 81 N. W. 507; Goodell v. Starr, 127 Ind. 198, 26 N.
E. 793; Essig v. Lower, 120 Ind. 239, 21 N. E. 1090; Morrow v.
Weed, 4 Iowa, 77; Ballinger v. Tarbell, 16 Iowa, 491; Bonsall
v. Isett, 14 Iowa, 309; Darrah v. Watson, 36 Iowa, 117; Shea v.
Quintin, 30 Iowa, 58; Applegate v. Applegate, 107 Iowa, 312,
78 N. W. 34; Millard v. Marmon, 116 Ill. 649, 7 N. E. 468; Dow-
dell v. Lahr, 97 Ind. 146.

It is further contended by the appellants that the notice of
sale was insufficient in that it is not shown that any notice was
posted in McCook county, as required by law; but there was a
confirmation of the sale, and in the order confirming the sale
is recited: "And it appearing to this court that the said sale
was legally made and fairly conducted, and that the said
amounts as received for the said described lands is not dispro-
portionate to the value of the said premises, it is therefore

ordered and decreed that the said sale be, and the same is hereby, in all things confirmed." This court must assume, therefore, that the probate court had before it the required proof showing that all the provisions of the statute had been complied with. No claim is made in this case as we understand the counsel, that the proceedings in the probate court were not conducted in good faith, and the property sold for a fair price; and while there appear to be some irregularities that may possibly have entitled the proper party appealing to a reversal of the decision of the probate court, they are not irregularities that affect the jurisdiction of the court or render its proceedings void. As bearing upon these questions, see the following cases: Schnell v. City of Chicago, 38 Ill. 382; Larson v. U. P. Ry. Co. 97 N. W. 313; Pick v. Strong, 26 Minn. 303, 3 N. W. 697; Simmons v. Saul (U. S.) 11 Sup. Ct. 369; Comstock v. Crawford (U. S.) 18 L. Ed. 34; Carr v. Hull, 65 Ohio St. 394, 62 N. E. 439, 58 L. R. A. 641; Ormsbee v. Piper, 123 Mich. 265, 82 N. W. 36; Averill v. Jackson Bank, 114 Mich. 20, 72 N. W. 15; Norman v. Olney, 64 Mich. 553, 31 N. W. 555; Harris v. Lester, 80 Ill, 307; Phillips v. Phillips, 13 S. D. 231, 83 N. W. 94.

It is further contended by the appellants that the court erred in admitting in evidence the records of the deeds and parol evidence showing that John Mulhall had acquired title to the property in controversy. We are of the opinion that the court committed no error in admitting this evidence. The length of this opinion precludes us from discussing the question presented at length, and it may be doubted as to whether the appellants have so presented this question in their briefs as to require a discussion of the same in this opinion.

By stipulation of counsel the issues as between the plaintiff Janet Hansberger and the defendants James and John Mulhall were not tried in this action, and hence no question in regard to those issues have been passed upon in this opinion.

In our view of the case, it was not only not necessary for the circuit court to make the findings requested by the appellants, but that the court was clearly right in refusing to make such findings, as they could not in any manner affect the validity of the sale made under the probate court proceedings.

In the view we have taken of the case, it will not be necessary to discuss the other questions presented, and hence we refrain from expressing any opinion as to the statute of limitations arising under the pleadings in this case.

Finding no error in the record, the judgment of the court below is affirmed.

HANEY, J. (concurring specially). There is great diversity of opinion as to whether notice to the heirs or other persons interested in the estate of an application for leave to sell a decedent's real estate is necessary to the validity of the sale. An important element in the determination of this question is the view that the courts take as to whether a proceeding to obtain leave to sell is, under the statute authorizing it, a proceeding in rem or in personam. Many authorities hold that it is in rem, while others hold that it is in personam. It is accordingly held in those jurisdictions where the proceeding is regarded as in rem that the provisions of the statutes requiring notice of the application to be given are merely directory; that failure to give the notice; though erroneous, does not render the order of sale vold; and that, consequently, the sale

cannot be collaterally impeached because of such omission. On the other hand, it is held that jurisdiction of the persons of the heirs or devisees is essential to a valid order of sale, the proceeding being regarded as in personam, and that failure to give such notice renders the order of sale and all proceedings under it absolutely void, unless notice has been waived, or unless a failure to give the notice is within the curative statutes which have been enacted in some states. 11 Am. & Eng. Ency. 1118. Believing the former rule should prevail in this state, I think the judgment in this case should be affirmed.